United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
|---|---|
| V. | AND APPEARANCE BOND |

Carlos Martinez, Defendant.

Case Number: 15-CR-252 (S-3) (PKC)

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- ☐ Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
- ☑ Upon Bond executed by the defendant in the amount of $ 15,000,000 , and secured by ☑ financially responsible sureties listed below and/or ☑ collateral set forth below.

## Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

☑ 1. The defendant must remain in and may not leave the following areas without Court permission: ☐ New York City; ☐ Long Island, NY; ☐ New York State; ☐ New Jersey; ☐ See Attachment A       and travel to and from this Court and the permitted areas.

☑ 2. The defendant must avoid all contact with the following persons or entities:  See Attachment A

☑ 3. The defendant must avoid and not go to any of the following locations: See Attachment A
☑ 4. The defendant must surrender all passports to Pretrial Services by 4/10 and not obtain other passports or international travel documents.
☑ 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
   - ☑ a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
   - ☑ b. must report ☑ as directed by Pretrial Services or ☐ in person ___ times per ___ and/or ☐ by telephone ___ times per ___.
   - ☐ c. must undergo ☐ testing, ☐ evaluation and/or ☐ treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
   - ☐ d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
   - ☐ e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
     - ☐ home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
     - ☐ home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, ☐ religious services, ☐ employment, ☐ school or training, ☐ other activities approved by Pretrial Services, ☐ _____
   - ☑ curfew: restricted to home every day from 8:00 p.m. to 8:00 a.m. , or ☐ as directed by Pretrial Services.
   - ☐ Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

☑ 6. Other Conditions:  See Attachment A

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 15,000,000 and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- ☐ cash deposited in the Registry of the Court in the sum of $_____ ;
- ☑ premises located at: See Attachment B           owned by the defendant and his wife .
- ☑ I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before April 16, 2020 .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.

| Signature | Address | Date |
|---|---|---|
| [signature] Nurci Montero, Surety | [redacted] | 04-14-2020 |
| [signature] ENRIQUE BRIME, Surety | [redacted] | 04/14/2020 |
| [signature] GUILLERMO RONG, Surety | [redacted] | 04/14/2020 |

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

[signature] Signature of Defendant

Release of the Defendant is hereby ordered on April 9 , 20 20 .

s/Hon. Pamela K. Chen
_____, US DJ

Distribution: Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod - Defendant

# **ATTACHMENT A**

1. The defendant must remain in the Southern District of Florida, however, he is permitted to travel to New York City, Washington, D.C., and the Eastern District of Virginia. In the event that the Defendant wishes to travel to New York City, Washington, D.C., or the Eastern District of Virginia, he shall notify Pretrial Services no later than 3 days prior to the date of travel and provide the dates he will be outside of the Southern District of Florida, if more than 1 day, to Pretrial Services. See additional conditions in paragraph 5, below.

2. The defendant will not directly or indirectly associate or have contact with his co-defendants or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; (iv) FIFA and any affiliated or constituent entity; and (v) 21st Century Fox and any currently or formerly affiliated entity, about the allegations in the Superseding Indictment. The foregoing does not preclude counsel of record for the defendant from contacting such individuals in connection with the defense of the case or preclude contact among co-defendants pursuant to a joint defense agreement.

3. See paragraphs 1 and 5.

4. The defendant shall surrender any and all passports to Pretrial Services, including his U.S. and Mexican passports, by Friday, April 10, 2020.

5. The defendant shall participate in a curfew from 8:00 p.m. to 8:00 a.m. and be monitored via Voice Recognition. When traveling outside of the Southern District of Florida, as provided in paragraph 1, the defendant shall be monitored as required by Pretrial Services.

6. The defendant shall surrender all firearms to local law enforcement and provide proof to Pretrial Services.

## ATTACHMENT B

The $15 million appearance bond shall be partially secured by:

Real Property: Confessions of judgment in favor of the United States of America on the following properties:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.



to be filed by Thursday, April 16, 2020.

The $15 million appearance bond shall be signed by the defendant and co-signed by the following people by Thursday, April 16, 2020:

1. Maria Citlaly Manteca Gomez (wife);
2. Enrique Brime, and
3. Guillermo Planos,