

U.S. Department of Justice

United States Attorney
Eastern District of New York

SPN/MKM/PTH/KTF

271 Cadman Plaza East
Brooklyn, New York 11201

October 26, 2020

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:  United States v. Full Play Group, SA, et al.
>  Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

Pursuant to the Court's ECF orders dated October 21, 2020 and October 26, 2020, the government respectfully submits this letter in response to defendants Hernan Lopez and Carlos Martinez's (the "Defendants") request to file their September 30, 2020 motion to compel (the "Motion") and related documents under seal.

In accordance with the protective order governing discovery in this case, and after consultation with defense counsel, the parties agree and propose that the Defendants' memorandum of law in support of the Motion and the accompanying declarations and exhibits be unsealed with the exception of the limited redactions proposed in the exhibits attached hereto. In addition, the parties agree and propose that the Court seal the government's opposition to the Defendants' Motion, see ECF Dkt. No. 1444, and publicly file the redacted version attached hereto.

The government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"). However, the limited sealing agreed to by the parties is warranted here based on several factors, including the need to protect the privacy and safety of certain witnesses and third parties identified herein and their family members. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses, may be compelling reason justifying sealing); United States v. Massino, 356 F. Supp. 2d 227, 231 (E.D.N.Y. 2005) (recognizing in First Amendment context the interests that favor sealing, including "privacy rights in cases involving materials that are particularly embarrassing to innocent parties, and the safety of third parties"); United States v. Venuti, No. 84-CR-1002 (PKL), 1985 WL 2739, at *3 n.1 (S.D.N.Y. Sept. 20,

1985) (recognizing need to prevent "acute embarrassment" that may be inflicted on "individuals who are not parties to this prosecution"); cf. United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (recognizing in grand jury context that "[p]rotection of such privacy interests is especially important when the third parties under investigation may be unaware of the threatened danger to their interests and may not appear before the district court to protect themselves").

The facts set forth above provide ample support for the "specific, on the record findings" necessary to support sealing. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). Therefore, the government respectfully requests that the Court record those findings and file the attached redacted versions of the documents in connection with the Defendants' Motion.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:      /s/
Samuel P. Nitze
M. Kristin Mace
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

cc:   Counsel of record (by ECF)
      Clerk of Court (PKC) (by ECF)

2