**FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15-CR-252 (PKC) |
| Plaintiff, | |
| v. | |
| HERNAN LOPEZ, | |
| CARLOS MARTINEZ, *et al.*, | |
| Defendants. | |

**REVISED DECLARATION OF MATTHEW UMHOFER IN SUPPORT OF DEFENDANTS HERNAN LOPEZ AND CARLOS MARTINEZ'S MOTION TO COMPEL (1) PRODUCTION OF MATERIALS PURSUANT TO *BRADY* AND FED. R. CRIM. P. 16 AND (2) RESPONSES TO DISCOVERY REQUESTS**

**SPERTUS LANDES & UMHOFER LLP**
Matthew Donald Umhofer
James W. Spertus
Samuel A. Josephs

**McCOOL LAW PLLC**
Steven J. McCool
Julia M. Coleman

Ramon A. Abadin

Michael T. Cornacchia

1

## DECLARATION OF MATTHEW UMHOFER

I, Matthew Umhofer, state and declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and I am counsel of record for Defendant Hernan Lopez.  I have been admitted *pro hac vice* to appear in this matter.  I hereby submit this declaration in support of Mr. Lopez and Mr. Martinez's Motion to Compel (1) Production of Materials Pursuant to *Brady* and Fed. R. Crim. P. 16 and (2) Responses to Discovery Requests, filed concurrently herewith.

2.      Except as otherwise stated, I have personal and firsthand knowledge of the facts set forth herein and, if called upon to testify as a witness, I would testify competently to this declaration under oath.

3.      Following the return of the Third Superseding Indictment, on April 21, 2020, my firm sent a letter to the government formally requesting discovery pursuant to Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and the *Jencks* Act, 18 U.S.C. § 3500.  That letter also requested that the government (a) identify *Brady* materials within its productions and (b) provide an itemized response to the specific categories of information requested in the letter.  A true and correct copy of the April 21, 2020 letter is attached hereto as **Exhibit A**.

4.      On April 30, 2020, the government responded to Mr. Lopez's April 21, 2020 letter.  In its response, the government merely stated that "it is aware of, and will comply with, its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the *Jencks* Act, 18 U.S.C. § 3500."  It also refused to "provide itemized responses to the dozens of specific requests listed in [Mr. Lopez's] letter" but also asserted that some of the requests "reference

materials that are not discoverable under any applicable rule or statute." A true and correct copy of that letter is attached hereto as **Exhibit B**.

5.      On April 30, 2020, the government produced approximately 40,718 pages of documents, consisting of exhibits from the November and December, 2017 trial of Juan Angel Napout, Jose Maria Marin, and Manuel Burga. A true and correct copy of the government's April 30, 2020, production cover letter is attached hereto as **Exhibit C**.

6.      Attached hereto as **Exhibit D** is a letter dated May 4, 2020 reiterating Mr. Lopez's request for an itemized response to the April 21, 2020 letter and noting that the government's failure to respond to each itemized request prohibited a meaningful discussion about whether the government had complied with its discovery obligations.

7.      On or about May 8, 2020, I participated in a meet and confer call with attorneys from the government. During that call, the government reaffirmed that it would not provide an itemized response to the requests in our April 21, 2020 letter.

8.      On May 7, 2020, the government made its second production, consisting of approximately 1,033,757 pages of materials. Attached hereto as **Exhibit E** is a true and correct copy of the government's cover letter for its May 7, 2020 production.

9.      On May 28, 2020, my firm sent another letter to the government, again requesting that the government identify any *Brady* materials in its voluminous productions. A true and correct copy of that letter is attached hereto as **Exhibit F**.

10.     On June 4, 2020, the government made its third production, consisting of approximately 4,482,734 pages of materials. Attached hereto as **Exhibit G** is a true and correct copy of the cover letter for the government's June 4, 2020 production.

11.    Attached hereto as **Exhibit H** is the government's June 5, 2020 response to our May 28, 2020 letter, in which the government stated that it was aware of its obligations under Rule 16 and *Brady*, and that it would continue to identify the categories of documents it was producing.  The government did not agree to identify *Brady* material in its productions or otherwise elaborate on its understanding of its *Brady* obligations.

12.    Attached hereto as **Exhibit I** is our June 17, 2020 response to the government's June 5, 2020 letter, asking the government to clarify whether it planned to produce further documents from 21st Century Fox ("Fox") and/or Torneos y Competencias, S.A. ("Torneos").

13.    On July 9, 2020, the government made its fourth production, consisting of approximately 5,745,498 pages of materials.  Attached hereto as **Exhibit J** is a true and correct copy of the cover letter for the government's July 9, 2020 production.

14.    Attached hereto as **Exhibit K** is the government's July 9, 2020 email response to our June 17, 2020 letter.  The government's response stated that it was still receiving documents from various sources, and that it continued to review and assess the discoverability of materials in its possession, including documents it obtained from Torneos.

15.    On July 17, 2020, the government made its fifth production, consisting of approximately 6,508,651 pages of materials.  Attached hereto as **Exhibit L** is a true and correct copy of the cover letter for the government's July 17, 2020 production.

16.    On July 20, 2020, my firm sent a letter to the government requesting that it state whether it was withholding any materials it obtained from Fox or Torneos on the basis that they are not discoverable.  Attached hereto as **Exhibit M** is a true and correct copy of the July 20, 2020 letter.  Additionally, on July 27, 2020, my firm sent a letter to the government seeking

information about the government's allegations and specific *Brady* information.  Attached hereto as **Exhibit N** is a true and correct copy of the July 27, 2020 letter to the government.

17.    On July 30, 2020, the government replied by email to our July 20 and 27, 2020 letters.  The government declined to provide individual responses to the requests in our April 21, 2020 letter and requested authority for the position, set forth in our July 20, 2020 letter, that the government should inform us that it is withholding materials it obtained from Fox or Torneos.  The government also stated, again, that it was "aware of and will comply" with its *Brady* obligations but did not elaborate on that statement.  A true and correct copy of the government's response to our July 20 and 27, 2020 letters is attached hereto as **Exhibit O**.

18.    Attached hereto as **Exhibit P** is an August 6, 2020 letter my firm sent to the government requesting clarification about the government's view of its *Brady* obligations and, in particular, whether it intended to identify any *Brady* materials in its productions.  The letter also requested exculpatory statements in any Reports of Interview (ROIs) the government possesses.

19.    On August 7, 2020, my firm sent a letter requesting that the government disclose whether it is withholding any documents it obtained from Fox or Torneos and explain the basis for its decision to withhold any such document.  The letter provided authority supporting our position that the government provide us with the requested information.  Attached hereto as **Exhibit Q** is a true and correct copy of the August 7, 2020 letter.

20.    On August 24, 2020, the government made its sixth production, which consisted of approximately 282,926 pages.  Attached hereto as **Exhibit R** is a true and correct copy of the cover letter for the government's August 24, 2020 production.

21.    On August 28, 2020, the government replied to our August 6, 2020 letter, stating it was unaware of any *Brady* materials in its prior productions and that it would draw our

attention to any *Brady* information it becomes aware of in either its production sets or witness statements.  The government also disclosed statements from ██████████, a former Fox executive and colleague of Mr. Lopez and Mr. Martinez.  The government stated that it provided the statement out of an "abundance of caution," not because *Brady* entitled Messrs. Lopez and Martinez to the statements.  Attached as **Exhibit S** is a true and correct copy of the government's April 28, 2020 email and letter containing ████████s statements.

22.     Contrary to the government's assertions that there are no *Brady* materials in its prior productions, based on my review of the discovery produced to date, I am aware of numerous documents that constitute *Brady* material.  I have chosen not to call the government's attention to these documents because doing so would disclose attorney work-product and reveal defense strategy.  *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327-1329 (8th Cir. 1986) (holding defense counsel's awareness of the existence of certain documents was work product because her "selective review" of documents in anticipation of litigation "was based upon her professional judgment of the issues and defenses involved in this case"); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses."); *id.* at 316 (holding that the defendant's counsel's "selecting and ordering a few documents out of thousands . . . could not help but reveal important aspects of his understanding of the case," such that counsel's selection of documents constituted "highly-protected" opinion work product); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) (binder of documents selected by counsel was privileged work-product protected from disclosure because "the process of selection and distillation is often more critical than pure legal research").

23.     However, if the Court were to permit me to provide the Court these documents *in camera* and under seal, I would be happy to file these examples with the Court to demonstrate that the government is incorrectly applying *Brady*. *See United States v. Aref*, 533 F.3d 72, 76-77 (2d Cir. 2008) (recognizing district court's authority to hold *ex parte*, *in camera* pre-trial proceedings involving defense strategy); *United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (courts permit filings in camera to "prevent[] the government from learning the defense theory"); *United States v. McVeigh*, 954 F. Supp. 1441, 1444-45 (D. Colo. 1997) (approving the *ex parte* filing of documents where the documents disclosed portions of the defense strategy). Indeed, where the invocation of certain rights requires the disclosure of confidential or privileged information, *in camera* filings are warranted. *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) ("[W]here the attorney-client privilege, the privilege against self-incrimination . . . or the revelation of work product, trial tactics, or legal theories of defense counsel may be involved in explaining the changes in the defendant's version of events, the court should offer an opportunity to the defense to present those reasons *in camera*, outside the presence of the jury and of the prosecution."); *United States v. Florack*, 838 F. Supp. 77, 79 (W.D.N.Y. 1993).

24.     For the purpose of providing an exemplar of the *Brady* materials and permitting the Court to fully evaluate the defense's arguments, attached hereto as **Exhibit T** is a true and correct copy of an October 2, 2014 email chain that the government produced in its May 7, 2020 production.

25.     To date, the government has produced approximately 4.7 terabytes of data in this matter, totaling approximately 18,094,288 pages.

26.     The defense has been able to determine that the government has likely not produced approximately 110,000 pages that it obtained from Fox and from Torneos.  The

government has obtained documents from both Fox and Torneos with unique Bates numbers identifying either Fox or Torneos as their source; the government then produced those documents to the defense with the Fox and Torneos Bates numbers still affixed.  For instance, in Exhibit T, the government's Bates number (FIFA2-000979389) exists along with the document's "Torneos Bates number" (Torneos_00004178).  That the government has not produced a large number of materials it obtained from Torneos is demonstrated by the fact that the Torneos Bates numbers are not contiguous within the government's productions, leaving "gaps" in the Torneos Bates sequence.  Our analysis of these "gaps" in the Torneos Bates numbers demonstrates that approximately 12,885 pages of Torneos materials have likely been withheld by the government. The defense has also identified gaps in the unique Fox Bates numbers.  Those gaps indicate that at least 98,951 Fox documents are missing from the documents provided to the defense.

27.     Having received a response to our August 6, 2020 *Brady* inquiry but not our August 7, 2020 letter requesting further information about whether the government intends to either produce all the documents it received from Torneos and Fox, or inform us of its decision to continue withholding those documents, on September 1, 2020 my firm sent a letter following up on our August 7, 2020 letter and addressing the gaps in the Torneos Bates numbers.  Attached hereto as **Exhibit U** is a true and correct copy of the letter that my firm sent to the government on September 1, 2020.

28.     On September 4, 2020, the government responded to our September 1, 2020 letter by requesting that we provide them with the "gaps" in the Torneos documents and stating that they are continuing to evaluate the discoverability of documents that were not previously produced.  This letter also did not confirm whether the government is withholding documents it

received from Fox.  Attached hereto as **Exhibit V** is a true and correct copy of the government's

September 4, 2020 response to our September 1, 2020 letter.

29.     Having yet to receive a definitive answer to our prior requests, on September 7,

2020, my firm sent a letter to the government requesting specific answers about whether the

government has Fox or Torneos documents that it believes are not discoverable under Rule 16.

Appended to that letter were current lists of the gaps that we had identified with respect to the

Torneos and Fox Bates gaps.  A true and correct copy of that September 7, 2020 letter is attached

hereto as **Exhibit W**.

30.     On September 8, 2020, the government replied to our preceding letter and

affirmed that it had documents from Torneos, Fox, and others that it has deemed to be non-

discoverable.  As an example, the government pointed out that it was withholding scheduling

emails with counsel for those entities.  Attached hereto as **Exhibit X** is a true and correct copy of

the government's September 8, 2020 email.

31.     As the parties had apparently reached an impasse, the defense requested that the

government assert its position about whether the parties had fulfilled their meet-and-confer

obligations with respect to these issues.  A true and correct copy of our September 8, 2020 letter

is attached hereto as **Exhibit Y**.

32.     On September 9, 2020, the government asserted its position that the parties had

not adequately met-and-conferred on these issues because the defense had not specified the exact

relief it is seeking from the government.  Attached hereto as **Exhibit Z** is a true and correct copy

of the September 9, 2020 email setting forth the government's position on this issue.

33.     On September 9, 2020, we sent the government a letter re-affirming our position

regarding the government's obligations to provide us with all documents it received from

Torneos and Fox as well as an itemized response to our initial discovery letter.  A true and correct copy of that letter is attached hereto as **Exhibit AA**.

34.     The government responded to this email by asserting that the parties are at an impasse.  A true and correct copy of that September 9, 2020 email is attached hereto as **Exhibit BB**.  We agreed with their characterization of the situation on September 28, 2020.  Attached hereto as **Exhibit CC** is a true and correct copy of our September 28, 2020 letter to the government.

35.     The defense has also identified at least one document that Torneos produced in a civil case premised on the same allegations that form the basis for the government's charges against Mr. Lopez and Mr. Martinez.  In that case, Case No. 16-cv-24431-CMA (S.D. Fla.), the plaintiffs, sports media companies GolTV and Global Sports, based their entire case, alleging that defendants obtained the rights to the Copa Libertadores and two other soccer tournaments through bribery, on the first two indictments filed in this case and on the admissions in the deferred prosecution agreement that Torneos entered into with the government.  The defendants in that case included Fox International Channels, Torneos, Mr. Lopez, and Mr. Martinez.  We have not attached that document here because doing so would violate the protective order in the civil case, which prohibits the use of documents produced in that case for any purpose other than litigating that matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed this 14th day of October, 2020, in Los Angeles, California.

Matthew Donald Umhofer

10

# EXHIBIT A

**EXHIBIT A**



SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705        617 West 7th Street, Suite 200
Los Angeles, CA 90025                    Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711          P 213.205.6520   F 213.205.6521

www.spertuslaw.com

April 21, 2020

<u>Via email</u>

Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:    *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

As you know, we represent Hernan Lopez in the above referenced case.  This letter is to formally request that the government provide us with discovery materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the *Jencks* Act, 18 U.S.C. § 3500.

As discussed below, Mr. Lopez requests that the government agree to an "open file" approach to discovery, which will allow the discovery process to proceed smoothly and efficiently despite the fact that this is likely to be a document-intensive case.  Should the government decline to provide us with its entire investigative database, this letter includes a list of numbered paragraphs seeking specific categories of documents and information to which Mr. Lopez is entitled under Rule 16, *Brady* and its progeny, and the *Jencks* Act.

**Open File Discovery**

An "open file" approach to discovery is the only way for the government to definitively certify that it has complied with its discovery obligations given the duration and breadth of the government's investigation.  Such an approach will undoubtedly increase the efficiency of discovery in this case by reducing the number of possible disagreements between the parties over the scope of discovery.  In a similar vein, it will likely avoid the need to involve the Court in any discovery disputes between the parties.  The logic underscoring widely expansive discovery is reiterated by Department of Justice (DOJ) authorities, which are replete with reasons ultimately supporting an "open file" approach to discovery in cases like this one, where there are no overriding concerns related to national security or witness safety.  *See generally* Department of Justice, *Justice Manual*



§ 9-5.100; *see also* Discovery Policy, U.S. Attorney's Office for the Eastern District of New York ("In sum, if there is a question as to whether or not to disclose information, err on the side of disclosure.").

Given the nature, duration, and breadth of the government's investigation, it is likely that this will be a very document-intensive case. In other cases involving large amounts of documentary evidence or long-lasting investigations, the government has provided its entire evidentiary database to defendants in searchable format. *E.g.*, *United States v. Ferguson*, 478 F. Supp. 2d 220, 227 (D. Conn. 2007) (noting "the government's provision of searchable discovery databases and a list of its key documents"); *United States v. Stein*, 424 F. Supp. 2d 720, 724 (S.D.N.Y. 2006) ("The government has produced voluminous discovery, much of it in a word-searchable electronic database . . . ."); *United States v. W. R. Grace*, 401 F. Supp. 2d 1069, 1080 (D. Mont. 2005) ("The government has provided the defendants with its entire evidentiary database consisting of 3,389,109 pages of discovery."); *United States v. Hsia*, 24 F. Supp. 2d 14, 28 (D.D.C. 1998) ("[T]he government provided Ms. Hsia and her counsel with 'open file' discovery. The government provided them with access to over 600,000 documents that it had collected in the course of its investigation."). We ask you to make arrangements for <u>all</u> discovery in this matter to be made available to defense counsel in a searchable database in a manner consistent with the foregoing cases.

However, it is not enough in a case like this for the government to simply produce voluminous discovery and invite defense counsel to conduct its own search for *Brady* material. Rather, the government's *Brady* obligations require it to conduct a thorough review of all information in its possession and to identify for the defense all *Brady* material found during that review. *United States v. Cutting*, 2017 WL 132403, at *8-9 (N.D. Cal. Jan. 12, 2017). We ask that you commence that review immediately (whether or not you agree to "open file" discovery) and identify exculpatory material as soon as possible or on a rolling basis.

**Requests for Discovery**

In the event the government does not agree to an "open file," we request that it provide the information and documents identified in the numbered paragraphs below. The numbered paragraphs are by no means intended to limit the government's discovery production under Rule 16, *Brady*, *Giglio*, and *Jencks*; the list is provided as a courtesy to facilitate the discovery process if the government opts to forego an "open file" approach.

The requests below adhere closely to the requirements of Rule 16, *Brady* and its progeny, and the *Jencks* Act, as well as DOJ's own discovery guidelines which are designed to ensure compliance with these obligations. *See* Department of Justice, *Justice Manual* § 9-5.001(A); *United States v. DeLeon*, 2019 WL 5587180, at *178 (D.N.M. Oct. 29, 2019) ("DOJ attorneys will likely



April 21, 2020
Page 3 of 15

have to follow the guidance in the [DOJ discovery] memoranda to argue that they have complied with their discovery obligations.").  Indeed, each of the categories listed below is specifically tailored to seek information that is material to Mr. Lopez's defense.  *See United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013); Fed. R. Crim. P. 16(a)(1)(E)(i).  We therefore ask that the government take an expansive view of disclosure, with an understanding that the requested information may meet the low threshold for materiality in ways that may not be immediately clear to the government.  *See* Department of Justice, *Justice Manual* § 9-5.100(B)(1) ("Recognizing that it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence."); *accord United States v. Rigas*, 779 F. Supp. 2d 408, 413 (M.D. Pa. 2011) ("[P]rosecutors should resolve 'doubtful questions in favor of disclosure,' 'because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete.'" (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)).

Lastly, we note that there are multiple individuals and entities that have entered into cooperation agreements with the government.  Documents in the possession of those individuals and/or entities are in the government's possession, custody or control for discovery purposes and, therefore, your production obligations extend to those documents.  *United States v. Stein*, 488 F. Supp. 2d 350, 363 (S.D.N.Y. 2007).  That reasoning extends to entities that have undertaken internal investigations in coordination with the government and/or have provided documents related to those investigations to government attorneys.  *See Stein*, 488 F. Supp. 2d at 363; *United States v. Connolly*, 2019 WL 2120022, at *11 (S.D.N.Y. May 2, 2019).

We ask that you promptly notify us whether you will adopt an "open file" approach to discovery, whether the government will comply with the specific requests contained in this letter, and whether the government agrees to produce materials that fall within each specific request.  In order to identify areas of agreement and dispute, we ask that you provide an itemized response reflecting the government's position as to each numbered paragraph below.  An itemized response is important, as it will help us to work through the discovery issues together and efficiently narrow the areas of dispute.

## Categories of Information Requested

**A.     Statements of Defendants**

1.     Any relevant written or recorded statement by Mr. Lopez to any person at any time or any place, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence could be known, to the government.  Fed. R. Crim. P. 16(a)(l)(B)(i); *see also United States v. Johnson*, 525 F.2d 999, 1004 (2d Cir. 1975).  This request includes, without limitation:



SPERTUS
LANDES &
UMHOFER
LLP

April 21, 2020
Page 4 of 15

    a.    All written or recorded statements of witnesses that reflect, relate to, or incorporate any relevant statements purportedly made by Mr. Lopez;

    b.    Notes or memoranda of any government agent or attorney containing the substance of any statement purportedly made by Mr. Lopez;

    c.    All other documents that reflect, relate to, or incorporate any relevant statements purportedly made by Mr. Lopez; and

    d.    All text messages, email, or any other electronic communication in the government's possession reflecting relevant statements purportedly made by Mr. Lopez.

2.    All written or recorded statements of any named or unnamed co-conspirators, made to any person(s) at any time and place, as well as the substance of any oral statements purportedly made by them, if not embodied in a writing.  If any such statements are recorded, a transcript and audible copy of each recording is requested.

**B.**    **Prior Acts and Criminal Records**

1.    The prior arrest and conviction records of all named defendants, including a complete criminal history for each (and the docket number and jurisdiction of all prior and pending cases).  Please produce original printouts of "rap sheets," since photocopies of these documents are often illegible.

2.    Specific information concerning any evidence that the government may seek to introduce at trial pursuant to Rules 609 or 404(b) of the Federal Rules of Evidence and the theory of its admissibility, including the description of any "prior similar act" by all named defendants or any other alleged uncharged misconduct evidence covered by Rules 609 or 404(b).

3.    All information which the government intends to use as part of any sentencing calculations or proceedings, including information regarding (a) "relevant conduct" and (b) adjustments and departures.

**C.**    **Investigative Reports and Materials**

1.    All rough notes of any government agent (including employees of the Department of Justice, the Federal Bureau of Investigation, or the Internal Revenue Service) containing the substance of any statements purportedly made by any interview subjects.



2.     The names of all law enforcement and other governmental personnel involved in the underlying investigation, and all written reports, including rough notes, prepared by them or based on information provided by them.

3.     All records, documents or other materials regarding any electronic surveillance, in this matter, including any information obtained pursuant to a court order from any: (a) telephone line, mobile or otherwise, (b) facsimile line, (c) beeper, transponder, buzzer, or motion indicator, (d) pen register, or (e) e-mail which pertains to the investigation of this case or the conduct alleged in the Indictment.  If court authorization was obtained, please provide a copy of any court requests and well as any documents submitted in support of any such court requests.

4.     Records of all scientific analyses or tests conducted in the case.  This request includes, but is not limited to, forensic, fingerprint, chemical, and handwriting analyses, as well as all underlying data pertaining to all analyses or tests.

5.     All subpoenas, letter requests, and correspondence with actual or potential government witnesses or their counsel, and transmittal letters reflecting what documents were sought, what documents were obtained by the government during the course of the investigation or since the return of the Indictment.  This information is critical to make sure that all documents within the possession, custody, or control of the government are produced, and to ensure that there is no ambiguity as to what has (or has not) been obtained by the government and produced to the defense, and to enable the defendant to serve meaningful Rule 17(c) subpoenas for additional material.

6.     Copies of all subpoenas issued during the course of the government's investigation.  Please confirm whether any subpoenas remain outstanding, and identify any party under a continuing obligation to produce documents under a subpoena or any other obligatory government document request.

7.     Copies of all non-subpoena document requests, including voluntary requests for production of documents, and formal and informal document requests involving foreign countries.

**D.     *Brady*, *Giglio*, and *Jencks* Material**

1.     All exculpatory information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Cal. 1999).   This includes, but is not limited to, all documents or information (in whatever form) known by the government (or which may become known to the government through the exercise of



due diligence) that, in whole or in part or considered with other evidence, indicate or tend to establish that:

a.    Mr. Lopez did not commit any element of the charged offenses, including information or documents tending to show that Mr. Lopez neither knew of nor agreed to participate in the alleged fraudulent scheme that forms the basis for counts nine through twenty-one (inclusive) of the Superseding Indictment;

b.    Mr. Lopez was unaware of any of the transactions alleged in counts ten through twenty (inclusive) of the Superseding Indictment;

c.    Mr. Lopez was unaware of the alleged nature of any of the transactions (i.e., that they were intended to improperly induce CONMEBOL) alleged in counts ten through twenty (inclusive) of the Superseding Indictment;

d.    Mr. Lopez was not aware of the existence of any of the entities listed in counts ten through twenty (inclusive) of the Superseding Indictment;

e.    Mr. Lopez did not intend for any of the transactions alleged in counts ten through twenty (inclusive) to further or promote the alleged fraudulent scheme that forms the basis for counts nine through twenty-one (inclusive) of the Superseding Indictment;

f.    Mr. Lopez did not intend to provide anything of value to any CONMEBOL official in exchange for broadcast or other media rights to the Copa Libertadores;

g.    Alejandro Burzaco or any other officer, employee, or agent of Torneos y Competencias, S.A., at any time concealed or attempted to conceal any transaction related to the Copa Libertadores, Copa Sudamericana, or Recopa Sudamericana from any person or entity;

h.    Alejandro Burzaco or any other officer, employee, or agent of Torneos y Competencias, S.A., at any time misled or attempted to mislead any person or entity with respect to any transaction related to the Copa Libertadores, Copa Sudamericana, or Recopa Sudamericana; or

i.    Any of the allegations in the Superseding Indictment are not true, whether or not those allegations relate to Mr. Lopez.



2.     All documents or information that cast doubt on the accuracy of any evidence—including witness testimony—that the government may rely on to prove any element of the charged offenses.

3.     All documents or information (in whatever form) indicating or tending to establish that Mr. Lopez engaged in any conduct or entered into any of the transactions which form the basis of the Superseding Indictment with the good faith belief that his conduct did not constitute a crime.

4.     All documents or information showing that Mr. Lopez acted in a manner that is arguably inconsistent with involvement in the fraudulent scheme alleged in the Superseding Indictment.

5.     All documents or information establishing the facts and/or evidence to support the government's decision not to charge Mr. Lopez in count one of the Superseding Indictment.

6.     To the extent they are not included in the above, statements of any person who made any arguably favorable statement concerning Mr. Lopez, or who was unsure of Mr. Lopez's participation in the offenses charged, and all documents that refer to or reflect such information, as well as the names and addresses of the person who made that statement, whether or not the government intends to call the person at trial. *See United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Jackson v. Wainwright*, 390 F.2d 288, 298 (5th Cir. 1968).

Mr. Lopez is entitled to this information regardless of whether it may be admissible at trial or whether the government believes that it is material to the trial's outcome. *United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) ("[I]tems may still be material and favorable under *Brady* if not admissible themselves so long as they could lead to admissible evidence." (internal quotation marks omitted)); *cf.* Discovery Policy, U.S. Attorney's Office for the Eastern District of New York ("The USAM requires us to disclose 'relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not . . . make the difference between guilt and innocence.'").

Additionally, as discussed above, it should be noted that it is not enough in a case like this for the government to simply produce voluminous discovery and invite defense counsel to conduct its own search for *Brady* material. Rather, the government's *Brady* obligations require it to conduct a thorough review of all information in its possession and to identify for the defense all *Brady* material found during that review.



SPERTUS
LANDES &
UMHOFER
LLP

April 21, 2020
Page 8 of 15

E.      **Witness Information**

1.      The name, last known address, and telephone number, of each prospective government witness.  *Gregory v. United States*, 369 F.2d 185, 188 (D.C. Cir. 1966)).

2.      The name and last known address of every witness to the offenses charged who was interviewed by the government, but will not be called as a government witness. *United States v. Cadet,* 727 F.2d 1453, 1469 (9th Cir. 1984).

3.      The name and last known address of any unindicted co-conspirators, including Co-Conspirator #1.  *United States v. Amawi*, 531 F. Supp. 2d 823, 825-26 (N.D. Ohio 2008); *United States v. DeGroote*, 122 F.R.D. 131, 137-38 (W.D.N.Y. 1988); *see also United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998) ("The defendants are entitled to know the identity of any unindicted co-conspirators.").

4.      All prior written or recorded reports of any oral statements of each prospective government witness relating to this case, and all rough notes taken by any government agent (including yourself or any other representative of the Department of Justice) of communications with prospective government witnesses.  This includes oral or written statements of witnesses relayed by their authorized representatives by way of proffer or otherwise.

5.      The prior arrest and conviction records of all potential government witnesses, including a complete criminal history for each (and the docket number and jurisdiction of all prior and pending cases).  Please produce original printouts of "rap sheets," since photocopies of these documents are often illegible.

6.      All evidence that any prospective government witness has ever made any false statement to a federal or state governmental agency whether or not under oath or under penalty of perjury, and/or does not have a good reputation in the community for honesty.  *See* Fed. R. Evid. 608(a).

7.      Any evidence that any prospective government witness is biased or prejudiced against Mr. Lopez, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

8.      All evidence that the testimony of any prospective government witness is inconsistent with or contradicted by that of any other person or prospective witness. *Kyles v. Whitley*, 514 U.S. 419, 469-70 (1995).



9.      All evidence of discussions about, or advice concerning, any contemplated prosecution of any prospective government witness, and any possible bargain, even if no bargain was made or the advice not followed.  *Brown v. Dugger*, 831 F.2d 1547, 1555 (11th Cir. 1987) (Clark, J. concurring) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); *Haber v. Wainwright*, 756 F.2d 1520, 1524 (11th Cir. 1985).  This request includes the dates of each witness's or potential witness's conversations with the government, including what each witness or potential witness communicated to the government on each occasion.

10.     All monetary payments and/or other benefits which have been provided to any witness or potential witness by any governmental agency, including but not limited to, any and all:  (a) express or implied promises or other inducements made by any governmental agent or agency regarding non-prosecution of any witness or potential witness for any offense, including any release after arrest without prosecution; (b) assistance provided to any witness or potential witness regarding disposition and/or sentencing in any pending or past criminal case against any witness or potential witness; and (c) implicit or explicit promises made, or to be made, by any governmental agent or agency regarding an adjustment in the witness's or potential witness's immigration status in this country, including, but not limited to work permits and the like, and any promises that the witness's or potential witness's cooperation will be made known to immigration authorities (to aid the witness or potential witness in avoiding deportation, or for any other purpose).

11.     All aliases or fictitious names used by the witness or potential witness within the last ten years, the facts surrounding the use of each name, and copies of every document or identification card in which a false identity was used.  Each false name should be identified by (a) the real name of the individual using the alias; and (b) the date, time, and place of its use.

12.     Other information which adversely reflects on the credibility of any witness or potential witness, or which bears on the motive of the witness or potential witness to implicate any individual.  This request includes not only information presently within your own knowledge, but also information within the knowledge of all agents and any witness or potential witness involved in any way in this matter, and you are specifically requested to obtain all responsive information from such persons.

13.     The identity of any (a) actual or potential government witness, or (b) other person, including without limitation, any alleged co-conspirator, who was given a polygraph examination during the investigation of this case or the conduct giving rise to the charges in this case, and complete information regarding each polygraph examination, including the date, time, and place of the examination, the identity of all



April 21, 2020
Page 10 of 15

persons present, the questions asked, and the results of such examination. *See Jacobs v. Singletary*, 952 F.2d 1282, 1287-89 (11th Cir. 1992) (due process violated by failure to disclose polygraph examination information).

14.  Any and all documents and/or personnel files of all law enforcement witnesses that cast doubt upon their credibility or are otherwise favorable to the defense, including documents regarding a lack of veracity, violations of rules and regulations or other misconduct, and any discipline contemplated or meted out.

15.  The full transcripts of the Grand Jury or other testimony of any potential government witnesses. *Brady v. Maryland*, 373 U.S. 83 (1963); 18 U.S.C. § 3500; *see also Dennis v. United States*, 384 U.S. 855, 873-875 (1966) (disclosure of grand jury materials should be ordered upon a showing of particularized need). We also request that the government move to unseal the grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e).

**F.    Documents or materials obtained from third parties (whether by subpoena or other means)**

1.  All documents, including electronic data, produced to the government by any third-party individual or entity, including FIFA, CONMEBOL, Torneos y Competencias, S.A., and Twenty-First Century Fox, Inc., or any of these entities' subsidiary or affiliate organizations, or any officers, directors, employees, or agents of these entities or their subsidiaries or affiliates.

2.  All documents, including electronic data, produced to the government pursuant to a mutual legal assistance treaty (MLAT), or any other informal request for documents the government made to any foreign government or through any foreign channel.

3.  Please separately identify all documents received by any government agent from an outside lawyer; i.e., not working for the government, or any other person. Please also identify the government agent(s) who procured these documents, and each government agent who has had access to such documents. Please also provide all evidence of any statements any lawyer has made to any government agent with respect to these documents.

**G.    Prior Trial Materials**

All exhibits introduced into evidence by the government during any trial or evidentiary hearing in case no. 15-cr-252 (PKC), including all exhibits (appropriately numbered) introduced during the trial of Juan Angel Napout, Jose Maria Marin, and Manuel Burga.



**H.      Search Warrants and Supporting Affidavits**

Disclosure of all searches of persons, place, or data sources that occurred during any phase of the investigation into the allegations in the Superseding Indictment.  Please provide the date and location of the search, all persons present, and a list of the items seized.  If a warrant was obtained, please provide a copy of it, as well as any affidavits submitted in support of the application for the warrant, and any search inventory or warrant returns.  Also provide arrest warrants and accompanying affidavits, if any.  This request includes any warrants sought or received pursuant to the Foreign Intelligence Surveillance Act.

**I.      Immunity Agreements and Plea Agreements**

1.      All evidence of any oral or written communication, including attorney proffers, involving any government agent, including employees of the DOJ (including staff and non-legal personnel) and/or any investigating agencies, including but not limited to, any proffers made by counsel on behalf of any of the witnesses involved in this case to any representative of the government.  This request includes the date of any proffer, whether oral or written, and any promises made to any witness, or his or her attorney, in connection with any proffer.

2.      All communications with government witnesses regarding immunity and cooperation agreements, including how the immunity agreement was reached, and all agreements between the government and any witness.

3.      All documents and communications related to attorney proffers, witness proffers, and reverse proffer sessions.

4.      All evidence of any express or implicit promise, understanding, offer of immunity; or of past, present, or future compensation; or any other kind of agreement or understanding between any prospective government witness, or his representative, and law enforcement or prosecutorial agent or agency (federal, state and local), including but not limited to, all negotiations leading up to any non-prosecution assurance, "target letter," or immunity grant provided to any witness by the Department of Justice, even if such benefits were never consummated.  *Giglio v. United States*, 405 U.S. 150 (1972).  If promises or offers were made orally, please reflect in writing the content of those promises.  Include any statements by any witness that suggest the witness's belief that such a promise or offer was made, even if one was not made in the government's view.



**J.     Privilege Assertions and Waivers**

1.     The identity of any person or entity that has asserted any privilege or doctrine as the basis for withholding or not producing any documents, and any documents relating to the assertion of any such privilege.

2.     Any documents reflecting a waiver of privilege or doctrine, the identity of the person or entity waiving the privilege or doctrine, and/or the scope of any such waiver.

**K.     Documents and Tangible Objects**

1.     Copies of all documents or other exhibits which may be introduced at trial by the government.

2.     The sources of all documents provided by the government, identified by Bates range.

3.     Notice of any charts, summaries or calculations the government will seek to offer into evidence, pursuant to Rule 1006 of the Federal Rules of Evidence, copies of such charts, summaries, or calculations, and all information on which such charts, summaries, or calculations are based.

4.     All documents the government intends to provide to any witness to refresh the memory of that witness for the purpose of testifying at trial, under Rule 612 of the Federal Rules of Evidence.

5.     All documents that reference or relate to the wire transfers supporting counts ten through twenty (inclusive) of the Superseding Indictment.

6.     All documents generated or possessed by the government that relate in any way to the following entities and their subsidiary or affiliate entities, and/or any officers, directors, employees, or agents: Twenty-First Century Fox, Inc., (including Fox International Channels, Fox Pan-American Sports, LLC, and Fox Latin American Channels, Ltd.); T&T Sports Marketing, Ltd.; Torneos y Competencias, S.A.; Torneos & Traffic Sports Marketing B.V.; any entity associated with José Margulies (as he is identified in the Superseding Indictment); Alejandro Burzaco; and CONMBEOL.

7.     All documents, communications, or records of communications between Mr. Lopez and any named or unnamed alleged co-conspirator.



8.      All documents or records that may be useful to preparing Mr. Lopez's defense(s) including, but not limited to documents that, in the government's view:

   a.   Demonstrate Mr. Lopez's knowledge of, or agreement to participate in, the alleged fraudulent scheme that forms the basis for counts nine through twenty-one (inclusive) of the Superseding Indictment;

   b.   Show that Mr. Lopez paid, caused to be paid, or approved of any of the transactions alleged in counts ten through twenty (inclusive) in the Superseding Indictment;

   c.   Show that Mr. Lopez paid, caused to be paid, or approved of any transactions, other than the transactions specifically alleged in the Superseding Indictment, with the intent to induce CONMEBOL executives, officials, or employees, to provide any media rights to Fox International Channels or any of its subsidiaries or affiliates;

   d.   Show that Mr. Lopez provided, caused to be provided, or otherwise approved the provision of, anything of value in furtherance of the alleged fraudulent scheme that forms the basis for counts nine through twenty-one (inclusive) of the Superseding Indictment;

   e.   Relate to any allegations that Mr. Lopez participated in the alleged fraudulent scheme that forms the basis for counts nine through twenty-one (inclusive) of the Superseding Indictment; or

   f.   Support or demonstrate the existence of the conspiracy alleged in counts nine and twenty-one of the Superseding Indictment, including documents that purportedly demonstrate the commission of any overt acts by any conspirator, including Mr. Lopez.

**L.      Suppression Issues**

As a predicate to motions pursuant to Fed. R. Crim. P. 12, Mr. Lopez requests that the government identify each exhibit that it intends to introduce during the trial and that the government inform him of the following:

1.      Whether the government intends to offer into evidence any statement made by the defendant, any current or former counsel of the defendant (or any agent of counsel), or any current or former family member of the defendant, and the substance of any such statement;



2.      Whether any evidence or information in the government's possession, custody or control was obtained from any current or former counsel of the defendant, or any agent of counsel, and the substance of such evidence or information;

3.      Whether any evidence or information in the government's possession, custody or control was obtained from any accountant or accounting firm (or any agent thereof) that provided professional services to Mr. Lopez, and the substance of such evidence or information;

4.      Whether any evidence or information in the government's possession, custody or control was obtained from any current or former family members and the substance of such evidence or information;

5.      Whether any evidence or information in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence or information;

6.      Whether any evidence or information in the government's possession, custody, of control was obtained through electronic or mechanical surveillance; including without limitation wiretaps, video recording, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence or information;

7.      Whether any evidence or information in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence or information;

8.      Whether any evidence or information in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence or information; and

9.      Whether the government used any informant or undercover agent during its investigation of the Indictment or any related allegations.

        We would appreciate your response and position with respect to these requests no later than fourteen days after the date of this letter, so that we can begin the meet and confer process and, if



SPERTUS
LANDES &
UMHOFER
LLP

April 21, 2020
Page 15 of 15

necessary, seek recourse with the Court.  We reserve the right to supplement these requests as we continue our preparation for trial.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Attorneys for Hernan Lopez*

# EXHIBIT B

**EXHIBIT B**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH                    *271 Cadman Plaza East*
F. #2015R00747                            *Brooklyn, New York 11201*

April 30, 2020

By Email

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025

> Re:   United States v. Hernan Lopez
>        Criminal Docket No. 15-252 (S-3) (PKC)

Dear Counsel:

The government writes in response to your later dated April 21, 2020, in which you formally request the production of certain discovery materials in the above-captioned case. Specifically, your letter requests that the government indicate whether it will adopt an "open file" approach to discovery or, in the alternative, comply with a particularized list of discovery demands.

The government confirms that it is aware of, and will comply with, its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500. The government declines to further characterize its approach to discovery or to provide

itemized responses to the dozens of specific requests listed in your letter, some of which reference materials that are not discoverable under any applicable rule or statute.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:   <u>/s/                         </u>
         Samuel P. Nitze
         M. Kristin Mace
         Keith D. Edelman
         Patrick T. Hein
         Kaitlin T. Farrell
         Assistant U.S. Attorneys
         (718) 254-7000

# EXHIBIT C

**EXHIBIT C**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH                    *271 Cadman Plaza East*
F. #2015R00747                         *Brooklyn, New York 11201*


April 30, 2020

<u>By E-mail</u>

Steven McCool                              Carlos Francisco Ortiz
McCool Law PLLC                          Norton Rose Fulbright US LLP
1776 K Street, NW, Suite 200            1301 Avenue of the Americas
Washington, DC 20006                     New York, NY 10019-6022
smccool@mccoollawpllc.com              carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com


       Re:    United States v. Full Play Group SA, et al.
             <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

        The government hereby produces discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government will continue to provide discovery on a rolling basis.  The government also requests reciprocal discovery from the defendants.

I.      <u>The Government's Discovery</u>

      A.    <u>Statements of the Defendants</u>

        As you are aware, the government proceeded by summons as to each of the three defendants.  Accordingly, there are no statements of the defendants in response to interrogation that would be discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A).  Statements of the defendants discoverable under Rule 16(a)(1)(B)-(C) are

included in the documents and tangible objects listed below.  Additional statements of the defendants will be produced in subsequent productions.

B.      The Defendants' Criminal History

At this time, the government is not aware of any criminal history, youthful offender, or juvenile offender adjudications of any of the defendants.

C.      Documents and Tangible Objects

The government has made available at ▬▬▬▬▬▬▬ ▬▬▬▬▬▬ for reproduction to the defendants, the records described in the table below, Bates stamped FIFA2-00000001 to FIFA2-00040718.  References to FIFA Trial Exhibits are to exhibits introduced into evidence at the trial of defendants Juan Ángel Napout, José Maria Marin, and Manuel Burga conducted in November and December 2017.

| Document Description | Bates Range |
| --- | --- |
| | FIFA2-000000001 - FIFA2-000000113 |
| | FIFA2-000000114 - FIFA2-000000116 |
| | FIFA2-000000117 - FIFA2-000000766 |
| | FIFA2-000000767 - FIFA2-000000844 |
| | FIFA2-000000845 - FIFA2-000000846 |
| | FIFA2-000000847 - FIFA2-000000940 |
| | FIFA2-000000941 - FIFA2-000000942 |
| | FIFA2-000000943 - FIFA2-000012840 |
| | FIFA2-000012841 - FIFA2-000013520 |
| | FIFA2-000013521 - FIFA2-000014354 |
| | FIFA2-000014355 - FIFA2-000014409 |
| | FIFA2-000014410 - FIFA2-000014887 |
| | FIFA2-000014888 - FIFA2-000014969 |
| | FIFA2-0000149670 - FIFA2-000018476 |
| | FIFA2-000018477 - FIFA2-000020466 |
| | FIFA2-000020467 - FIFA2-000020633 |

| | |
|---|---|
| | FIFA2-000020634 - FIFA2-000020798 |
| | FIFA2-000020799 - FIFA2-000020803 |
| | FIFA2-000020804 - FIFA2-000020810 |
| | FIFA2-000020811 - FIFA2-000020926 |
| | FIFA2-000020927 - FIFA2-000021042 |
| | FIFA2-000021043 - FIFA2-000021149 |
| | FIFA2-000021150 - FIFA2-000027152 |
| | FIFA2-000027153 - FIFA2-000027300 |
| | FIFA2-000027301 - FIFA2-000029625 |
| | FIFA2-000029626 - FIFA2-000030731 |
| | FIFA2-000030732 - FIFA2-000030753 |
| | FIFA2-000030754 - FIFA2-000031230 |
| | FIFA2-000031231 - FIFA2-000031504 |
| | FIFA2-000031505 - FIFA2-000031927 |
| | FIFA2-000031928 - FIFA2-000032222 |
| | FIFA2-000032223 - FIFA2-000040718 |

You may obtain copies of these materials by contacting ███████ Please

3

reference United States v. Jeffrey Webb, et al., 15-CR-252, and this Office when requesting the materials.

    D.    Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

    E.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion, if any.

    F.    Brady, Giglio, and 18 U.S.C. §3500 Material

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny.

    G.    Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Federal Rule of Evidence 404(b).

    H.    Foreign Records of Regularly Conducted Activity

The government hereby provides notice under 18 U.S.C. § 3505(b) that at trial it intends to offer into evidence foreign records of regularly conducted activity through foreign certifications attesting that (a) such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters; (b) such records were kept in the course of a regularly conducted business activity; (c) the business activity made such records as a regular practice; and (d) if such records are not the original, such records are duplicates of the originals.  See 18 U.S.C. § 3505(a)(1).

II.    The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody,

or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that each defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that each defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/_____
        Samuel P. Nitze
        M. Kristin Mace
        Keith D. Edelman
        Patrick T. Hein
        Kaitlin T. Farrell
        Assistant U.S. Attorneys
        (718) 254-7000

5

# EXHIBIT D

**EXHIBIT D**



SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705          617 West 7th Street, Suite 200
Los Angeles, CA 90025                      Los Angeles, CA 90017
P 310.826.4700  F 310.826.4711            P 213.205.6520  F 213.205.6521

www.spertuslaw.com

May 4, 2020

<u>Via email</u>

Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

We write in response to your letters, dated April 30, 2020, regarding the government's first production, and April 21, 2020, responding to our letter seeking discovery (the "April 21 letter"). We appreciate the government's prompt production. However, we repeat our request for an itemized response to the April 21 letter because your reply to our specific discovery requests prohibits a meaningful discussion about whether the government has complied with its discovery obligations.

The April 21 letter clearly communicated our views on discovery and serves as a basis for our discussions about the government's discovery obligations, and its compliance with them. This is a complex case with a substantial record. It is essential that we be able to understand one another's positions on discovery issues and communicate about them effectively. We had hoped that our requests, and an itemized, specific response by you, would ensure understanding and communication that would enable us to avoid unnecessary confusion and/or making an application for Court intervention.

Your cover letter for the government's April 30, 2020 production appears to address some of our requests. However, you declined to respond with your positions as to each of our other requests. Rather, you asserted that some of our requests "reference materials that are not discoverable under any applicable rule or statute." This statement fails to provide the government's positions regarding our requests or its view of its discovery obligations. For example, our letter specified categories of documents that we believe the government must produce to comply with its *Brady* obligations. Your response leaves us to guess about whether the government does not possess the requested documents, possesses these documents and plans to produce them, or does not believe that it must



produce those documents even if it has them.  Your assurances that the government understands its *Brady* obligations also do not provide any clarity in this regard.

     Without understanding your specific disagreement with, and position on, our requests, we cannot have meaningful discussions about the sufficiency of the government's productions and fulfill our mutual obligation to confer in a good faith effort to resolve issues, prior to inviting the Court's involvement.  By itemizing the requests in the April 21letter, we set forth our position on the government's discovery obligations and invited you to identify ways you believe our position is inconsistent with those obligations.  However, by your declination to do so we cannot have an effective dialogue aimed at narrowing any differences in our respective viewpoints.  Therefore, we request that you confer with us in good faith by setting forth your position on the discovery issues raised in the April 21 letter.

     We appreciate a response by you so that we may decide whether to make an application to the Court well in advance of our scheduled Court conference on May 27, 2020.  We are available for a phone conference, at your earliest convenience, at least, as a jumping off point to discuss our requests and their possible resolution.

     Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Attorneys for Hernan Lopez*

**Via email**
cc: Steven McCool (smccool@mccoollawpllc.com)
    *Attorney for Carlos Martinez*

# EXHIBIT E

**EXHIBIT E**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH                         *271 Cadman Plaza East*
F. #2015R00747                          *Brooklyn, New York 11201*


May 7, 2020

<u>By E-mail</u>

Steven McCool                           Carlos Francisco Ortiz
McCool Law PLLC                         Norton Rose Fulbright US LLP
1776 K Street, NW, Suite 200            1301 Avenue of the Americas
Washington, DC 20006                    New York, NY 10019-6022
smccool@mccoollawpllc.com               carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com


Re:     United States v. Full Play Group SA, et al.
        <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

        The government hereby produces additional discovery in accordance with
Rule 16 of the Federal Rules of Criminal Procedure, Bates-numbered FIFA2-000040719 -
FIFA2-001074476.  These materials are being produced pursuant to the protective orders
entered by the Court on April 29, 2020, which govern disclosure and dissemination of
designated discovery materials.  <u>See</u> ECF Dkt. Nos. 1380, 1381, 1382.  The government will
continue to provide discovery on a rolling basis.  The government renews its request for
reciprocal discovery from the defendants.

        The government has made available at ██████████████████████
████████████████  for reproduction to the defendants, the following documents:

| Document Description | Bates Range |
|---|---|
| ██████████████████████ | FIFA2-000040719 – FIFA2-000041136<br>FIFA2-000975212 – FIFA2-001074476 |
| ██████████████████████ | FIFA2-000041137 – FIFA2-000975211 |

You may obtain copies of these materials by contacting ████████████████ ████████████████████████████████████████████ Please reference <u>United States v. Hugo Jinkis, et al.</u>, 15-CR-252, and this Office when requesting the materials.

This production supplements the government's prior production dated April 30, 2020.  If you have any questions, please do not hesitate to contact us.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
_____
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

# EXHIBIT F

**EXHIBIT F**



SPERTUS
LANDES &
UMHOFER
LLP

1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700  F 310.826.4711

617 West 7th Street, Suite 200
Los Angeles, CA 90017
P 213.205.6520  F 213.205.6521

www.spertuslaw.com

May 28, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

We write to address several technical issues with the government's first two productions that have hindered our review of the documents, and to reiterate our position with respect to the government's *Brady* obligations.

**Technical Issues**

First, the government's second production contains approximately 290,000 documents that do not have a "folder path," meaning the metadata identifying the electronic source(s) of those documents (e.g., the inbox from which an email was pulled) was not included with the production. Ordinarily, folder paths provide information such as the identity of a document's custodian, the name of the folder in which the document was maintained, and/or that folder's relationship to other folders in the same computer or email account. Such information is necessary to properly organize documents in a production on the document database that is hosting the documents, and its absence undermines our ability to effectively organize and review the government's second production.

Second, an additional 6,000 thousand documents are dispersed among more than 4,900 folders that do not have any cohesive organization or structure, although it appears that many of them may be related. For instance, a large number of these folders are disconnected from their apparent subfolders. This lack of organization seems to have also affected the "parent-child" relationship between some of the documents in the second production, which is concerning in a production containing so many emails and attachments because we are unable to review the emails in the original thread. For instance, one email (FIFA2-000987294) is listed as a "family-member" to approximately nine other documents, including some emails designated as "Record Type:



Attachment," but we cannot discern whether that email is the "parent" of any documents within the same ten-item family because its folder path was too long to be processed.

There also appear to be several issues related to the custodian metadata; some documents have been misattributed to certain custodians.  In particular, the metadata we received in the government's second production designates Mr. Lopez as a custodian of approximately three thousand emails that he does not appear to have sent, received (either in the To: or Cc: fields), or possessed.  We have not been able to determine how many other documents are not paired with the correct custodian(s), but it seems likely that the issue is not confined to the emails to which Mr. Lopez has been identified as the custodian.  We are unable to manually determine each document's correct custodian because we do not have sufficient information about the sources of most documents in the second production to perform that exercise.

Relatedly, other custodians appear to have been paired with some emails they sent or received, but are not included as a custodian for other such emails.  For example, █████████ is designated as a custodian for almost five thousand emails that she received.  At the same time, she is not designated as a custodian for an additional six thousand emails that she sent or received.  Thus, any search for documents for which █████ is a custodian will be underinclusive.

Finally, in the first production, the Bates numbers in the OPT file did not match the Bates numbers in the DAT file.  While our document vendor was able to solve this problem when it arose, we wanted to bring it to your attention because a repeat of this issue has the potential to cause serious problems with future productions.

We appreciate your attention to these technical issues.  Without accurate custodians or folder paths, we cannot organize the government's productions effectively.  Moreover, if we cannot readily ascertain a document's custodian or its source, we will be unable to place the document in its proper context.  And if we cannot rely on the metadata associated with the productions, we cannot evaluate the sufficiency of the government's productions and determine whether we believe the government has complied with its discovery obligations.

We ask that you provide us with a response to each of the issues outline above and, to the extent the government can resolve any of these problems by reproducing a set of correct metadata for the second production, we ask that it do so within one week of the date of this letter.

## Completeness of Production and *Brady* Materials

Second, we note that the government's second production contains a large number of documents obtained from either 21st Century Fox, Inc., or Torneos y Competencias, S.A.  Please confirm whether these productions contain all the documents that the government obtained from



May 28, 2020
Page 3 of 3

Fox, Torneos, or any of their subsidiaries or affiliates.  If there are outstanding documents from these entities that the government has not produced, please let us know whether the government intends to produce them in a later production.

We reiterate our position that the voluminous discovery in this case requires the government to identify *Brady* materials in its productions.  In document-intensive cases like this one, courts have determined that the government's *Brady* obligations require it to identify exculpatory materials buried in its large productions.  *United States v. Cutting*, 2017 WL 132403, at *8-9 (N.D. Cal. Jan. 12, 2017); *United States v. Hsia*, 24 F. Supp. 2d 14, 28 (D.D.C. 1998).  To date, the government has produced 1,074,476 pages of documents.  Accordingly, we ask that the government comply with its discovery obligations by identifying any *Brady* materials in its prior productions and in its productions going forward.

We look forward to hearing from you, and would appreciate a response from you no later than June 5, 2020.  Please let us know if you would like to schedule a phone call to discuss.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

**Via email**
cc: Steven McCool (smccool@mccoollawpllc.com)
    Julia Coleman (jcoleman@mccoollawpllc.com)
    Michael Cornacchia (mcornacchia@mtclegal.com)
    *Counsel for Carlos Martinez*

# EXHIBIT G

**EXHIBIT G**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH
F. #2015R00747

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 4, 2020

<u>By E-mail</u>

Steven McCool
McCool Law PLLC
1776 K Street, NW, Suite 200
Washington, DC 20006
smccool@mccoollawpllc.com

Carlos Francisco Ortiz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com

Re:    United States v. Full Play Group SA, <u>et al</u>.
          <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

The government hereby produces additional discovery (Bates-numbered FIFA2-001074477 - FIFA2-005557211) in accordance with Rule 16 of the Federal Rules of Criminal Procedure. These materials are being produced pursuant to the protective orders entered by the Court on April 29, 2020, which govern disclosure and dissemination of designated discovery materials. <u>See</u> ECF Dkt. Nos. 1380, 1381, 1382. The government will continue to provide discovery on a rolling basis. The government renews its request for reciprocal discovery from the defendants.

The government has made available at ██████████████████ ████████████████, for reproduction to the defendants, the following documents:

| Document Description | Bates Range |
| --- | --- |
| ███████████████████ | FIFA2-001074477 – FIFA2-001075321 |
| | FIFA2-001075322 – FIFA2001103051 |
| | FIFA2-001103052 – FIFA2-001159518 |
| | FIFA2-001159519 – FIFA2-001410237 |
| | FIFA2-001410238 – FIFA2-001550989 |
| | FIFA2-001550990 – FIFA2-004327339 |
| | FIFA2-004327340 – FIFA2-005418834 |
| | FIFA2-005418835 – FIFA2-005498103 |
| | FIFA2-005498104 – FIFA2-005557211 |

You may obtain copies of these materials by contacting ███████████████ ███████████████████ Please reference United States v. Hugo Jinkis, et al., 15-CR-252, and this Office when requesting the materials.

This production supplements the government's prior productions dated April 30 and May 7, 2020.  If you have any questions, please do not hesitate to contact us.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

2

# EXHIBIT H

**EXHIBIT H**

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Friday, June 05, 2020 4:49 PM
**To:** Matthew Umhofer; Samuel Josephs; Jim Spertus
**Cc:** Mace, Kristin (USANYE); Edelman, Keith (USANYE); Hein, Patrick (USANYE)
**Subject:** U.S. v. Lopez May 28 Discovery Letter Response

Dear Counsel,

We write in response to your letter dated May 28, 2020 regarding our second discovery production.  We are still looking into the technical issues you raised and ask that you send some additional examples of (1) documents without folder paths (many were produced to us as pdfs and do not have folder paths except for our internal paths, which are not relevant); and (2) documents that are disconnected from subfolders/for which the parent-child relationship has been affected.  On the custodian issue, we believe that you have the documents in the form that we have them but are looking to confirm.  We are not seeing the OPT file/DAT file mismatch you are referring to but will keep an eye on that going forward – if you have further information on the nature of the problem you identified, please share it.

With respect to the non-technical aspects of the letter, we reiterate that we are aware of and will comply with the requirements of Rule 16 and <u>Brady</u> and its progeny.  As you know, we are in the process of trying to get voluminous discovery out to you as efficiently as possible under difficult circumstances.  We will continue to provide descriptions of the sets of documents we produce so you can understand what you are receiving.

As always, we are available for a call if helpful to discuss these or any other issues by phone.

Best regards,

Sam

# EXHIBIT I

**EXHIBIT I**



1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700   F 310.826.4711

617 West 7th Street, Suite 200
Los Angeles, CA 90017
P 213.205.6520   F 213.205.6521

www.spertuslaw.com

June 17, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:    *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

We write in response to your June 5, 2020 reply to our May 28, 2020 letter.  We appreciate both your response and your efforts to produce documents to us under difficult circumstances.

You asked that we provide examples of documents in the government's May 7, 2020 production that are missing folder paths.  Upon review, we have found that FIFA2-000041137–FIFA2-000975211 (*i.e.*, all of the 21st Century Fox documents in the production) and FIFA2-0001002864–FIFA2-0001074476 do not have folder paths.  Please let us know whether the government obtained these documents with folder path data and, if so, please provide that data to us.  Likewise, please confirm whether the government provided us with the same custodian metadata that it received for the documents it produced on May 7, 2020.

We believe the issues related to the documents in the disconnected subfolders (FIFA2-000975232–FIFA2-0001002863) can be resolved if you can confirm that the government produced those documents to us as they were organized when the government obtained them.  If possible, please confirm whether that is the case.

Additionally, we ask that you confirm whether the government's May 7, 2020, production contained all of the materials it has received from 21st Century Fox ("Fox") or whether the government still possesses documents it obtained from Fox that it has not produced.  If the government has not yet produced all the documents it obtained from Fox, we ask that you confirm when it intends to do so.

Lastly, please let us know whether you intend to produce further documents obtained from Torneos y Competencias, S.A. ("Torneos").  We note that the May 7, 2020 production does not



June 17, 2020
Page 2 of 2

appear to include any correspondence between the government and Torneos related either to the December 13, 2016 deferred prosecution agreement (DPA) entered into between the government and Torneos, or Torneos's cooperation in the government's investigation of Mr. Lopez.  We request that the government produce materials related to both the DPA and Torneos's cooperation with its investigation, including but not limited to: correspondence with Torneos related to the DPA or government investigation, drafts of the DPA exchanged with Torneos, and materials related to any information presented to the government by Torneos.  *See United States v. Stein*, 488 F. Supp. 2d 350, 358-59, 369-70 (S.D.N.Y. 2007).

Thank you for your attention to these matters.  As always, please let us know if you would like to schedule a phone call to discuss.  We look forward to hearing from you, and would appreciate a response from you no later than June 26, 2020.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

**Via email**
cc: Steven McCool (smccool@mccoollawpllc.com)
    Julia Coleman (jcoleman@mccoollawpllc.com)
    Michael Cornacchia (mcornacchia@mtclegal.com)
    *Counsel for Carlos Martinez*

# EXHIBIT J

**EXHIBIT J**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH
F. #2015R00747

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 9, 2020

<u>By E-mail</u>

Steven McCool
McCool Law PLLC
1776 K Street, NW, Suite 200
Washington, DC 20006
smccool@mccoollawpllc.com

Carlos Francisco Ortiz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com

Re:   United States v. Full Play Group SA, <u>et al</u>.
      <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

The government hereby produces additional discovery (Bates-numbered FIFA2-005557212 – FIFA2-011302710) in accordance with Rule 16 of the Federal Rules of Criminal Procedure. These materials are being produced pursuant to the protective orders entered by the Court on April 29, 2020, which govern disclosure and dissemination of designated discovery materials. <u>See</u> ECF Dkt. Nos. 1380, 1381, 1382. The government will continue to provide discovery on a rolling basis. The government renews its request for reciprocal discovery from the defendants.

The government has made available at ███████████████████████ ████████████████, for reproduction to the defendants, the following documents:

| Document Description | Bates Range |
|---|---|
| | FIFA2-005557212 - FIFA2-005599952 |
| | FIFA2-005599953 - FIFA2-005631178 |
| | FIFA2-006629876    FIFA2-006702507 |
| | FIFA2-007179369 - FIFA2-007193148 |
| | FIFA2-010449810 - FIFA2-011265712 |
| | FIFA2-005631179 - FIFA2-005965979 |
| | FIFA2-006877494 - FIFA2-006879554 |
| | FIFA2-005965980 - FIFA2-006602465 |
| | FIFA2-006879555 - FIFA2-007179368 |
| | FIFA2-009975339 - FIFA2-010449809 |
| | FIFA2-006602466 - FIFA2-006629875 |
| | FIFA2-007454716 - FIFA2-009975338 |
| | FIFA2-006702508 - FIFA2-006877493 |
| | FIFA2-007193149 - FIFA2-007193174 |
| | FIFA2-007193175 - FIFA2-007193176 |
| | FIFA2-007193177 - FIFA2-007201843 |
| | FIFA2-007201844 - FIFA2-007202020 |
| | FIFA2-007202021 - FIFA2-007203416 |

---

[*] A number of files in the production sets marked with an asterisk have been replaced with placeholder slip-sheets after a virus scan revealed potential corruption of the files.  We are working to identify the nature and severity of the identified viruses and to determine whether the files are salvageable.

| | |
|---|---|
| | FIFA2-007203417 - FIFA2-007454715 |
| | FIFA2-011265713 – FIFA2-011266001 |
| | FIFA2-011266002 - FIFA2-011266624 |
| | FIFA2-011266625 - FIFA2-011267107 |
| | FIFA2-011267108 - FIFA2-011267109 |
| | FIFA2-011267110 - FIFA2-011267110 |
| | FIFA2-011267111 - FIFA2-011267111 |
| | FIFA2-011267112 – FIFA2-011269235 |
| | FIFA2-011269236 - FIFA2-011269530 |
| | FIFA2-011269531 - FIFA2-011272546 |

| | FIFA2-011272547 - FIFA2-011272683 |
|---|---|
| | FIFA2-011272684 - FIFA2-011272692 |
| | FIFA2-0112726943 - FIFA2-011272693 |
| | FIFA2-011272694 - FIFA2-011272694 |
| | FIFA2-011272695 - FIFA2-011272735 |
| | FIFA2-011272736 - FIFA2-011272882 |
| | FIFA2-011272883 - FIFA2-011274632 |
| | FIFA2-011274633 - FIFA2-011274705 |
| | FIFA2-011274706 - FIFA2-011274708 |
| | FIFA2-011274709 - FIFA2-011274713 |
| | FIFA2-011274714 - FIFA2-011274724 |
| | FIFA2-011274725 - FIFA2-011274741 |

4

| | |
|---|---|
| | FIFA2-011274742 - FIFA2-011274769 |
| | FIFA2-011274770 - FIFA2-011274787 |
| | FIFA2-011274788 - FIFA2-011274789 |
| | FIFA2-011274790 - FIFA2-011274790 |
| | FIFA2-011274791 - FIFA2-011276644 |
| | FIFA2-011276645 - FIFA2-011276669 |
| | FIFA2-011276670 - FIFA2-011276750 |
| | FIFA2-011276751 - FIFA2-011276814 |
| | FIFA2-011276815 - FIFA2-011276815 |
| | FIFA2-011276816 - FIFA2-011276844 |
| | FIFA2-011276845 - FIFA2-011276870 |
| | FIFA2-011276871 - FIFA2-011277426 |

| | |
|---|---|
| | FIFA2-011277427 - FIFA2-011277447 |
| | FIFA2-011277448 - FIFA2-011277452 |
| | FIFA2-011277453 - FIFA2-011277974 |
| | FIFA2-011277975 - FIFA2-011277985 |
| | FIFA2-011277986 - FIFA2-011278042 |
| | FIFA2-011278043 - FIFA2-011278707 |
| | FIFA2-011278708 - FIFA2-011278960 |
| | FIFA2-011278961 - FIFA2-011279120 |
| | FIFA2-011279121 - FIFA2-011279122 |
| | FIFA2-011279123 - FIFA2-011279127 |
| | FIFA2-011279128 - FIFA2-011279142 |
| | FIFA2-011279143 - FIFA2-011279145 |

| | |
|---|---|
| | FIFA2-011279146 - FIFA2-011279150 |
| | FIFA2-011279151 - FIFA2-011279166 |
| | FIFA2-011279167 - FIFA2-011279942 |
| | FIFA2-011279943 - FIFA2-011279944 |
| | FIFA2-011279945 - FIFA2-011283078 |
| | FIFA2-011283079 - FIFA2-011283098 |
| | FIFA2-011283099 - FIFA2-011283751 |
| | FIFA2-011283752 - FIFA2-011283952 |
| | FIFA2-011283953 - FIFA2-011283963 |
| | FIFA2-011283964 – FIFA2-011284033 |
| | FIFA2-011284034 – FIFA2-011285973 |
| | FIFA2-011285974 - FIFA2-011286659 |
| | FIFA2-011286660 - FIFA2-011286667 |
| | FIFA2-011286668 - FIFA2-011286668 |
| | FIFA2-011286669 - FIFA2-011286669 |
| | FIFA2-011286670 - FIFA2-011286687 |

| |
|---|
| FIFA2-011286688 - FIFA2-011286888 |
| FIFA2-011286889 - FIFA2-011286963 |
| FIFA2-011286964 - FIFA2-011287064 |
| FIFA2-011287065 - FIFA2-011287148 |
| FIFA2-011287149 - FIFA2-011287149 |
| FIFA2-011287150 - FIFA2-011287657 |
| FIFA2-011287658 - FIFA2-011291119 |
| FIFA2-011291120 - FIFA2-011291476 |
| FIFA2-011291477 - FIFA2-011291719 |
| FIFA2-011291720 - FIFA2-011291727 |
| FIFA2-011291728 - FIFA2-011291917 |
| FIFA2-011291918 - FIFA2-011291932 |
| FIFA2-011291933 - FIFA2-011291978 |
| FIFA2-011291979 - FIFA2-011292526 |
| FIFA2-011292527 - FIFA2-011292542 |
| FIFA2-011292543 - FIFA2-011293084 |
| FIFA2-011293085 - FIFA2-011293088 |

| |
|---|
| FIFA2-011293089 - FIFA2-011293143 |
| FIFA2-011293144 - FIFA2-011293151 |
| FIFA2-011293152 - FIFA2-011293429 |
| FIFA2-011293430 - FIFA2-011294390 |
| FIFA2-011294391 - FIFA2-011295348 |
| FIFA2-011295349 - FIFA2-011295414 |
| FIFA2-011295415  - FIFA2-011295432 |
| FIFA2-011295433 - FIFA2-011295470 |
| FIFA2-011295471 - FIFA2-011295473 |
| FIFA2-011295474 - FIFA2-011295508 |
| FIFA2-011295509 - FIFA2-011295509 |
| FIFA2-011295510 - FIFA2-011295573 |

| | FIFA2-011295574 - FIFA2-011295669 |
| --- | --- |
| | FIFA2-011295670 - FIFA2-011295699 |
| | FIFA2-011295700 - FIFA2-011295877 |
| | FIFA2-011295878 - FIFA2-011295921 |
| | FIFA2-011295922 - FIFA2-011295951 |
| | FIFA2-011295952 - FIFA2-011295955 |
| | FIFA2-011295956 - FIFA2-011296011 |
| | FIFA2-011296012 - FIFA2-011296057 |
| | FIFA2-011296058 - FIFA2-011296089 |
| | FIFA2-011296090 - FIFA2-011296090 |
| | FIFA2-011296091 - FIFA2-011296094 |
| | FIFA2-011296095 - FIFA2-011296120 |
| | FIFA2-011296121 - FIFA2-011296126 |

| | FIFA2-011296127 - FIFA2-011296130 |
| --- | --- |
| | FIFA2-011296131 - FIFA2-011296212 |
| | FIFA2-011296213 - FIFA2-011296227 |
| | FIFA2-011296228 - FIFA2-011296228 |
| | FIFA2-011296229 - FIFA2-011296248 |
| | FIFA2-011296249 - FIFA2-011296289 |
| | FIFA2-011296290 - FIFA2-011296294 |
| | FIFA2-011296295 - FIFA2-011296310 |
| | FIFA2-011296311 - FIFA2-011296313 |
| | FIFA2-011296314 - FIFA2-011296326 |
| | FIFA2-011296327 - FIFA2-011296362 |
| | FIFA2-011296363 - FIFA2-011296414 |
| | FIFA2-011296415 - FIFA2-011296450 |
| | FIFA2-011296451 - FIFA2-011296512 |

| | FIFA2-011296513 - FIFA2-011296556 |
|---|---|
| | FIFA2-011296557 - FIFA2-011296578 |
| | FIFA2-011296579 - FIFA2-011296592 |
| | FIFA2-011296593 - FIFA2-011296606 |
| | FIFA2-011296607 - FIFA2-011296608 |
| | FIFA2-011296609 - FIFA2-011296610 |
| | FIFA2-011296611 - FIFA2-011296626 |
| | FIFA2-011296627 - FIFA2-011296674 |
| | FIFA2-011296675 - FIFA2-011296678 |
| | FIFA2-011296679 - FIFA2-011296704 |
| | FIFA2-011296705 - FIFA2-011296808 |
| | FIFA2-011296809 - FIFA2-011296824 |
| | FIFA2-011296825 - FIFA2-011296878 |
| | FIFA2-011296879 - FIFA2-011296902 |

| | |
|---|---|
| | FIFA2-011296903 - FIFA2-011296938 |
| | FIFA2-011296939 - FIFA2-011296946 |
| | FIFA2-011296947 - FIFA2-011296948 |
| | FIFA2-011296949 - FIFA2-011296956 |
| | FIFA2-011296957 - FIFA2-011296963 |
| | FIFA2-011296964 - FIFA2-011297279 |
| | FIFA2-011297280 - FIFA2-011300108 |
| | FIFA2-011300109 - FIFA2-011302096 |
| | FIFA2-011302097 - FIFA2-011302377 |
| | FIFA2-011302378 - FIFA2-011302448 |
| | FIFA2-011302449 - FIFA2-011302629 |
| | FIFA2-011302630 - FIFA2-011302647 |
| | FIFA2-011302648 - FIFA2-011302702 |
| | FIFA2-011302703 - FIFA2-011302710 |

You may obtain copies of these materials by contacting ███████████ ████████████████████████████████████████████████ Please reference <u>United States v. Hugo Jinkis, et al.</u>, 15-CR-252, and this Office when requesting the materials.

This production supplements the government's prior productions dated April 30, May 7, and June 4, 2020.  If you have any questions, please do not hesitate to contact us.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/_____
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

# EXHIBIT K

**EXHIBIT K**

| | |
|---|---|
| **From:** | Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov> |
| **Sent:** | Thursday, July 09, 2020 7:10 AM |
| **To:** | Samuel Josephs |
| **Cc:** | Matthew Umhofer; Jim Spertus; Mace, Kristin (USANYE); Edelman, Keith (USANYE); Hein, Patrick (USANYE); Steven McCool; Julia Coleman; Michael T. Cornacchia |
| **Subject:** | RE: U.S. v. Lopez May 28 Discovery Letter Response |

Sam,

Apologies for the delay on this.  Below are responses to your questions and requests:

- It is our understanding that you have the same folder-path and custodian data for the Fox materials, and all other produced materials, as we do.

- We continue to receive documents from various sources, including Fox, and thus are not in a position to say that we have produced all materials received from any particular source, nor do we think that such information (whether we have produced all materials from a particular source) is generally discoverable.  We do have additional materials from Fox that we intend to produce as soon as possible.  We hope to get out another discovery letter this week, which will address an issue that caused some delays on our end.

- We expect that we will have additional documents to produce from Torneos y Competencias.  Relatedly, we continue to make assessments as to the discoverability of certain materials in our possession.  We note that we are unaware of any authority holding that communications between the government and a cooperating entity are discoverable as a categorical matter.

Best regards,
Sam

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Wednesday, July 8, 2020 12:21 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>
**Cc:** Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Steven McCool <smccool@mccoollawpllc.com>; Julia Coleman <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** Re: U.S. v. Lopez May 28 Discovery Letter Response

Sam -

We just wanted to check in and see where the government is with respect to the discovery issues we raised in our June 17 letter. Thanks very much.

Samuel A. Josephs
Spertus, Landes & Umhofer, LLP
617 West 7th Street, Suite 200
Los Angeles, CA 90017
t: (213) 205.6520

1

sjosephs@spertuslaw.com

On Jun 26, 2020, at 2:15 PM, Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov> wrote:

All,

I know the ball is in our court on your discovery questions and your question relating to the grand jury wheel information.  We are working on these issues.

Have a good weekend.

Sam

---

**From:** Nitze, Samuel (USANYE)
**Sent:** Thursday, June 18, 2020 5:36 PM
**To:** Samuel Josephs <sam@spertuslaw.com>; Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>
**Cc:** Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Steven McCool <smccool@mccoollawpllc.com>; Julia Coleman <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: U.S. v. Lopez May 28 Discovery Letter Response

Sam,

We will get back to you on this.

Thanks.

Sam

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Wednesday, June 17, 2020 12:55 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>
**Cc:** Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Steven McCool <smccool@mccoollawpllc.com>; Julia Coleman <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: U.S. v. Lopez May 28 Discovery Letter Response

Counsel,

Hope everyone is doing well.  Please see the attached letter responding to your below email.  Thanks very much.

Best,
Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
617 West 7th Street, Suite 200 | Los Angeles, CA 90017

t: (213) 205.6520 | f: (213) 205.6521 | sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

---

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Friday, June 5, 2020 4:49 PM
**To:** Matthew Umhofer <matthew@spertuslaw.com>; Samuel Josephs <sam@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>
**Cc:** Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>
**Subject:** U.S. v. Lopez May 28 Discovery Letter Response

Dear Counsel,

We write in response to your letter dated May 28, 2020 regarding our second discovery production.  We are still looking into the technical issues you raised and ask that you send some additional examples of (1) documents without folder paths (many were produced to us as pdfs and do not have folder paths except for our internal paths, which are not relevant); and (2) documents that are disconnected from subfolders/for which the parent-child relationship has been affected.  On the custodian issue, we believe that you have the documents in the form that we have them but are looking to confirm.  We are not seeing the OPT file/DAT file mismatch you are referring to but will keep an eye on that going forward – if you have further information on the nature of the problem you identified, please share it.

With respect to the non-technical aspects of the letter, we reiterate that we are aware of and will comply with the requirements of Rule 16 and <u>Brady</u> and its progeny.  As you know, we are in the process of trying to get voluminous discovery out to you as efficiently as possible under difficult circumstances.  We will continue to provide descriptions of the sets of documents we produce so you can understand what you are receiving.

As always, we are available for a call if helpful to discuss these or any other issues by phone.

Best regards,

Sam

# EXHIBIT L

**EXHIBIT L**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH                     *271 Cadman Plaza East*
F. #2015R00747                          *Brooklyn, New York 11201*


                                        July 17, 2020

<u>By E-mail</u>

Steven McCool                          Carlos Francisco Ortiz
McCool Law PLLC                        Norton Rose Fulbright US LLP
1776 K Street, NW, Suite 200           1301 Avenue of the Americas
Washington, DC 20006                   New York, NY 10019-6022
smccool@mccoollawpllc.com              carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com


          Re:    United States v. Full Play Group SA, <u>et al</u>.
                 <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

          The government hereby produces additional discovery (Bates-numbered
FIFA2-011302711 – FIFA2-017829605) in accordance with Rule 16 of the Federal Rules of
Criminal Procedure.  These materials are being produced pursuant to the protective orders
entered by the Court on April 29, 2020, which govern disclosure and dissemination of
designated discovery materials.  <u>See</u> ECF Dkt. Nos. 1380, 1381, 1382.  The government will
continue to provide discovery on a rolling basis.  The government renews its request for
reciprocal discovery from the defendants.

          The government has made available at █████████████████
████████████, for reproduction to the defendants, the following documents:

| Document Description | Bates Range |
|---|---|
| | FIFA2-011302711 - FIFA2-013150431 |
| | FIFA2-014525319 - FIFA2-016297032 |
| | FIFA2-016558987 - FIFA2-016711958 |
| | FIFA2-017142024 - FIFA2-017220792 |
| | FIFA2-013150432 - FIFA2-013373314 |
| | FIFA2-016302965 - FIFA2-016446312 |
| | FIFA2-016711959 - FIFA2-017142023 |
| | FIFA2-013373315 - FIFA2-014360635 |
| | FIFA2-014360636 - FIFA2-014525318 |
| | FIFA2-016297033 - FIFA2-016302964 |
| | FIFA2-017220793 - FIFA2-017716799 |
| | FIFA2-016446313 - FIFA2-016558986 |
| | FIFA2-017716800 - FIFA2-017811362 |

---

[*] A number of files in the production sets marked with an asterisk have been replaced with placeholder slip-sheets after a virus scan revealed potential corruption of the files. We are working to identify the nature and severity of the identified viruses and to determine whether the files are salvageable.

[†] The results of the execution of search warrants were produced to the defendants charged in the Second Superseding Indictment (S-2) on a rolling basis as privilege reviews were completed. These materials are reproduced here in the same form. Accordingly, there are multiple tranches of the results of several of the searches.



| | FIFA2-017811363 - FIFA2-017813739 |
| | FIFA2-017813740 - FIFA2-017821836 |
| | FIFA2-017821837 - FIFA2-017829605 |

You may obtain copies of these materials by contacting ███████████ █████████████████████████████████████████████████ Please reference United States v. Hugo Jinkis, et al., 15-CR-252, and this Office when requesting the materials.

This production supplements the government's prior productions dated April 30, May 7, June 4, and July 9, 2020.  If you have any questions, please do not hesitate to contact us.

Very truly yours,

SETH D. DuCHARME
Acting United States Attorney

By:     /s/
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

3

# EXHIBIT M

**EXHIBIT M**



SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705        617 West 7th Street, Suite 200
Los Angeles, CA 90025                    Los Angeles, CA 90017
P 310.826.4700  F 310.826.4711          P 213.205.6520  F 213.205.6521

www.spertuslaw.com

July 20, 2020

<u>Via email</u>

Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

            Re:    *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

        We write in response to your July 9, 2020 reply to our June 17, 2020 letter and to
supplement the requests in our April 21, 2020 letter.  We appreciate your response to our most
recent letter.

        First, we note that materials possessed by, or exchanged with, cooperating entities are
"categorically" discoverable if those materials are discoverable under Fed. R. Crim. P. 16.  *See*
*United States v. Stein*, 488 F. Supp. 2d 350, 358-59, 369-70 (S.D.N.Y. 2007).  This goes for
communications between the government and Torneos y Competencias, S.A., and/or its counsel,
which we request you provide to us as soon as possible.

        Second, we understand that the government continues to receive documents from third
parties.  However, please let us know whether there are materials from either 21st Century Fox or
Torneos that are *currently* in the government's possession that the government believes are *not*
discoverable.  Additionally, we request all subpoenas, letter requests, and other correspondence
reflecting what documents the government requested and/or received in connection with its
investigation into the Copa Libertadores Scheme #2.  Production of these materials is necessary so
that we can assess the extent of the government's productions, particularly because the government
continues to receive materials from third parties.

        Third, we request reports of interviews (ROIs) of any individuals who reside outside the
United States, if the interview was conducted as part of the government's investigation into the
Copa Libertadores Scheme #2.  This includes, but is not limited to, interviews of any of the
following: ███████████████████████████████████████████████████████
████████████████████████████████████████████



SPERTUS
LANDES &
UMHOFER
LLP

July 20, 2020
Page 2 of 3

We request early disclosure of these ROIs because there is a reasonable likelihood that they contain information that will warrant pursuing alternative means of defense investigation, including pursuant to Fed. R. Crim. P. 15. Unless these ROIs are provided well in advance of trial, it will be impossible for us to evaluate the need to engage in such discovery efforts. Thus, we request that you provide ROIs of individuals residing overseas as soon as possible.

Fourth, we request all documents and information that the government possesses related to Amicorp Group, including Amicorp Netherlands, B.V., and Amicorp Bank and Trust Ltd. Please provide us with these materials as soon as possible so that we can evaluate whether we need to engage in independent investigative efforts.

Fifth, please provide us with any demonstratives, or presentations, that any party used in its opening statements or closing arguments during the trial of Juan Angel Napout, Jose Maria Marin, and Manuel Burga.

The issues raised above further underscore the need for an itemized response to the discovery requests in our April 21, 2020 letter. We need to understand what the government intends to produce for a number of reasons, and providing us with that information will ultimately help the parties identify and narrow any disagreements about the extent of the government's production obligations. We are hopeful that the government will reconsider its reluctance to provide us with an itemized response: failing to provide an itemized response will prevent us from identifying and pursuing important discovery, delay the resolution of discovery issues until closer to trial, and obscure whether the government has fulfilled its discovery obligations. Accordingly, we continue to ask that the government provide us with an itemized response to the requests in our April 21, 2020 letter.

Last, there appears to be a technical issue related to materials from Jose Hawilla's phone that the government produced on June 4, 2020. The majority of those files appear to be PDF printouts of HTML-format forensic reports generated by the government from an "image" of the phone; the government's June 4, 2020 production included only fifteen native files among the materials from Hawilla's phone. However, the HTML reports reveal that there were thousands more files on the phone. Please let us know whether the government plans to produce the full HTML-format reports (rather than printouts thereof) and/or the native files it obtained from Hawilla's phone.



July 20, 2020
Page 3 of 3

      We look forward to hearing from you and would appreciate a response no later than July 27, 2020.  As always, please let us know if you would like to set up a phone call to discuss these issues.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Attorneys for Hernan Lopez*

**Via email**
cc: Steven McCool ([smccool@mccoollawpllc.com](mailto:smccool@mccoollawpllc.com))
    Julia Coleman (jcoleman@mccoollawpllc.com)
    Michael Cornacchia (mcornacchia@mtclegal.com)
    *Attorneys for Carlos Martinez*

# EXHIBIT N

**EXHIBIT N**



SPERTUS

LANDES &

UMHOFER

LLP

1990 South Bundy Drive, Suite 705    617 West 7th Street, Suite 200
Los Angeles, CA 90025              Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711   P 213.205.6520   F 213.205.6521

www.spertuslaw.com

July 27, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:    *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

We write to request certain information regarding the allegations in the Third Superseding Indictment (the "TSI").

Please provide us with the following information:

1. The date(s) on which Mr. Lopez and/or Mr. Martinez allegedly joined the conspiracies discussed in ¶¶ 73-74 and ¶¶ 129-35 of the TSI, *i.e.*, agreed to further the objects of the conspiracies.

2. The substance of any communications to or from Mr. Lopez and/or Mr. Martinez reflecting their acknowledgment of the conspiracies/scheme discussed in ¶¶ 73-74 and ¶¶ 129-135 of the TSI.

3. Any documents, evidence, or other information not yet disclosed, or the Bates numbers of materials already produced, regarding any communications to or from Mr. Lopez and/or Mr. Martinez reflecting their acknowledgment of the conspiracies/scheme discussed in ¶¶ 73-74 and ¶¶ 129-135 of the TSI.

4. The specific actions, if any, that Mr. Lopez and/or Mr. Martinez undertook to further the objects of the conspiracies/scheme alleged in ¶¶ 73-74 and ¶¶ 129-35 of the TSI.

5. The specific actions, if any, that Mr. Lopez and/or Mr. Martinez undertook in order to conceal the conspiracies/scheme alleged in ¶¶73-74 and ¶¶ 129-35 of the TSI.



SPERTUS
LANDES &
UMHOFER
LLP

July 27, 2020
Page 2 of 3

6.  Communications between any persons reflecting the involvement of Mr. Lopez and/or Mr. Martinez in the conspiracies/scheme alleged in ‖‖ 73-74 and ¶¶ 129-35 of the TSI.

7.  Any documents, evidence, or other information supporting the allegations that Mr. Lopez and Mr. Martinez were knowingly and intentionally members of the conspiracies/scheme alleged in ‖‖ 73-74 and ¶¶ 129-35 of the TSI, *i.e.*, information reflecting their assent to, or actions in furtherance of, the objects of the conspiracies.  If any such documents or evidence have already been produced, please identify them by Bates number.

8.  Please state the identity of Co-Conspirator #1.

9.  Please provide the substance of any confidential information provided by Co-Conspirator #1 to Mr. Lopez and/or Mr. Martinez regarding bidding for the 2018 and 2022 editions of the World Cup, as alleged in ‖ 74 of the TSI.

10. Please identify any documents containing the substance of the confidential information that Mr. Lopez and/or Mr. Martinez allegedly received regarding bidding for the 2018 and 2022 editions of the World Cup, as stated in ‖ 74 of the TSI.

11. Please provide any documents (if they have not been produced) or Bates numbers of documents (if they have been) that support Alejandro Burzaco's November 15, 2017 testimony that Mr. Lopez and Mr. Martinez "knew that part of the funding for the bribe payments under the CONMEBOL Copa Sudamericana and Copa Libertadores contracts, was coming from Globo payment to T&T Netherlands, and from them, to the executives."

The requested information is necessary to enable us to prepare a defense. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (per curiam) ("We conclude that appellants were hindered in preparing their defense [to mail fraud, conspiracy to defraud the United States, and RICO] by the district court's failure to compel the Government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents.").

Separately, we make the following requests for information pursuant to *Brady v. Maryland*, 363 U.S. 83 (1963) and its progeny:

1.  Please provide the names of anyone interviewed by the government (including any law enforcement agencies) or any cooperating entity, who either (a) stated that Mr. Lopez and/or Mr. Martinez were not involved in or did not know of the conspiracies/scheme discussed in ‖‖ 73-74 and ¶¶ 129-35 of the TSI or (b) state that they did not know whether Mr. Lopez's and/or Mr. Martinez were involved in the conspiracies/scheme.



2.  The names of any persons or entities that may have information that corroborates any statements made by the persons identified in response to the preceding request.

3.  Any of Mr. Lopez's actions known to the government that tend to show that Mr. Lopez did not knowingly and/or intentionally participate or agree to participate in the conspiracies/scheme alleged in ¶¶ 73-74 and ¶¶ 129-35 of the TSI.

We request that the government provide this information as soon as possible, so that we can evaluate potential investigative strategies and determine whether we need to seek information from sources other than the government. *See United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) ("[I]tems may still be material and favorable under *Brady* if not admissible themselves so long as they could lead to admissible evidence." (internal quotation marks omitted)).

We look forward to hearing from you and would appreciate your response by August 3, 2020. As always, please let us know if you would like to set up a call to discuss the matters discussed above.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

**Via email**
cc: Steven McCool (smccool@mccoollawpllc.com)
    Julia Coleman (jcoleman@mccoollawpllc.com)
    Michael Cornacchia (mcornacchia@mtclegal.com)
    *Counsel for Carlos Martinez*

# EXHIBIT O

**EXHIBIT O**

| | |
|---|---|
| **From:** | Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov> |
| **Sent:** | Thursday, July 30, 2020 12:18 PM |
| **To:** | Samuel Josephs; Matthew Umhofer; Jim Spertus |
| **Cc:** | smccool@mccoollawpllc.com; jcoleman@mccoollawpllc.com; Michael T. Cornacchia; Mace, Kristin (USANYE); Hein, Patrick (USANYE); Edelman, Keith (USANYE) |
| **Subject:** | U.S. v. Lopez, Gov't Response to Discovery Ltrs Dated July 20 and July 27, 2020 |

Dear Counsel,

We write in response to your letters dated July 20 and July 27, 2020 in which you request the disclosure of certain additional materials and additional information regarding, among other things, the charges against your client. We note at the outset that we continue to produce discovery on a rolling basis and continue to work through various technical and logistical complications posed by the pandemic that have slowed our progress. We hope to have an additional batch of discovery out soon, with more to follow. We respond as follows to your letters:

July 20 Letter

- To the extent we have materials from cooperating entities that are discoverable under Rule 16 or otherwise, you will receive those materials.

- Please let us know the authority you are relying on for your request that we inform you of materials in our possession that are not discoverable.

- For the reasons stated in our email dated May 21, 2020, we decline to provide reports of witness statements at this stage in the case.

- To the extent we have discoverable materials related to the various Amicorp entities referenced in your letter, you will receive those materials. We note that you have already received various documents that reference Amicorp, as you will see if you search your database for "Amicorp."

- In our view, demonstratives we used during opening or closing statements do not constitute Rule 16 material. If you are aware of authority to the contrary, we are of course open to reviewing it. To the extent such demonstratives referenced testimony or exhibits, you have access to the underlying materials.

- A search was conducted to identify discoverable materials on Hawilla's phone and the results of that search have been produced.

- We respectfully disagree that it would serve the interests of efficiency for us to respond to hundreds of itemized discovery demands, particularly at this stage in the case, in which we continue to produce substantial volumes of discovery.

July 27 Letter

- The bulk of this letter requests information that is not discoverable, either under Rule 16 or Rule 7(f). The case you cite, <u>United States v. Bortnovsky</u>, 820 F.2d 572, 575 (2d Cir. 1987), is not to the contrary.

- Because public testimony and other evidence in the FIFA trial held in 2017 made his identity clear, we confirm (although we are not required to do so) that the person identified as Co-Conspirator #1 in the S-3 indictment is Julio Grondona.

- We are aware of and will comply with our obligations under <u>Brady v. Maryland</u> and its progeny.

Best regards,

Sam

# EXHIBIT P

**EXHIBIT P**



SPERTUS

LANDES &

UMHOFER

LLP

1990 South Bundy Drive, Suite 705        617 West 7th Street, Suite 200
Los Angeles, CA 90025                    Los Angeles, CA 90017
P 310.826.4700  F 310.826.4711           P 213.205.6520  F 213.205.6521

www.spertuslaw.com

August 6, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:    *United States v. Hernan Lopez*, No. 15-cr-252-32 (PKC)

Dear Counsel:

We write to seek clarification about whether the government plans to identify *Brady* materials in any of its productions and to request early disclosure of any exculpatory statements made to the government.

**<u>Identification of *Brady* Materials</u>**

In response to our April 21, 2020 letter formally requesting discovery and pointing out the government's obligation to identify *Brady* materials in its productions, you stated that the government "is aware of, and will comply with" its *Brady* obligations. Similarly, on May 28, 2020, we requested that the government "comply with its discovery obligations by identifying any *Brady* materials in its prior productions and in its productions going forward." You responded to that request by stating that you "are aware of and will comply with the requirements of Rule 16 and <u>Brady</u> and its progeny" and would "continue to provide descriptions of the sets of documents." However, you have yet to identify any *Brady* materials in the government's productions and it's unclear whether you plan to do so.

Please confirm whether there are any *Brady* materials in the government's prior productions and, if so, please let us know whether you intend to identify those materials. Additionally, please let us know whether you will identify *Brady* materials in any future productions.

As we have previously noted, given the volume of documents the government has produced so far, it must identify *Brady* materials in its productions in order to comply with its *Brady* obligations. *See United States v. Cutting*, 2017 WL 132403, at *8-9 (N.D. Cal. Jan. 12, 2017); *United States v. Hsia*, 24 F. Supp. 2d 14, 28 (D.D.C. 1998). And while we appreciate the government's descriptions for sets of documents, this practice is insufficient to comply with its



August 6, 2020
Page 2 of 3

*Brady* obligations.  Some of the sets of documents within the government's productions consist of hundreds-of-thousands of pages (*e.g.*, the documents obtained from 21st Century Fox) making it impossible to discern from the government's descriptions alone whether the government considers any of the documents *Brady* in nature.

We note that one court in this district declined to find that the government was obligated to identify *Brady* information in its massive productions.  *See United States v. Weaver*, 992 F.Supp.2d 152, 155-57 (E.D.N.Y. 2014).  However, that decision is not controlling authority, it involved smaller productions than those at issue here, and it did not consider these issues as thoroughly as the other cases cited above.  Additionally, while the *Weaver* court based its decision partly on its finding that the government had produced documents in "'load-ready' file format" with "detailed indices," other courts have still found similar government efforts insufficient.  *See United States v. Blankenship*, 2015 WL 3687864 at *4 (S.D.W. Va. June 12, 2015) (government required to identify *Brady* materials despite the fact that its productions were "rich with metadata and indexed by a variety of different characteristics that allow[ed] Defendant to search, sort, and categorize them however he please[d].").

**<u>Disclosure of Exculpatory Statements</u>**

Recently, we asked that the government provide the names of any individuals interviewed by the government who provided exculpatory information regarding Mr. Lopez.  You informed us that you "are aware of and will comply with" your obligations under *Brady* and its progeny.  We are still unclear about the government's understanding of its *Brady* obligations and would appreciate if you could shed some light on the government's position generally.

In any event, we ask that you confirm whether any reports of interviews (ROIs) contain *Brady* information and, if so, we request early disclosure of those ROIs or, at minimum, of the exculpatory statements contained therein.  Favorable statements made to the government during an interview must be disclosed pursuant to *Brady*.  Moreover, "it is well settled that [18 U.S.C.] Section 3500's bar on early disclosure of witness statements must give way to the constitutional disclosure obligations set forth in *Brady* and its progeny."  *United States v. Vilar*, 2008 WL 2531195, at *1 (S.D.N.Y. June 22, 2008).

In this case, disclosure well in advance of trial is necessary in order to provide us with sufficient time for independent investigation, which may involve overseas efforts, and to consider any exculpatory information within the context of the government's expansive productions.  *See United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("[T]he Government must make disclosures in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." (citations omitted)); *see also United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) (holding that government should have turned over materials that could have caused the "defendants to interview and possibly subpoena" certain witnesses).



SPERTUS
LANDES &
UMHOFER
LLP

August 6, 2020
Page 3 of 3


Please let us know whether the government plans to identify *Brady* materials in its prior and forthcoming productions and, if it plans to do so, when we can expect that information.  Please also confirm whether there are exculpatory statements in any ROIs, whether the government will agree to early disclosure of those ROIs and, if so, when we can expect those ROIs.  We request a response as soon as possible so that we can file any necessary discovery motion in advance of the next status conference before the Court.  If it would be helpful to set up a call to discuss these issues, please let us know.


Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*


**Via email**
cc: Steven McCool ([smccool@mccoollawpllc.com](mailto:smccool@mccoollawpllc.com))
    Julia Coleman (jcoleman@mccoollawpllc.com)
    Michael Cornacchia (mcornacchia@mtclegal.com)
    *Counsel for Carlos Martinez*

# EXHIBIT Q

**EXHIBIT Q**

SPERTUS
LANDES &
UMHOFER
LLP

1990 South Bundy Drive, Suite 705      617 West 7th Street, Suite 200
Los Angeles, CA 90025                          Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711          P 213.205.6520   F 213.205.6521

www.spertuslaw.com

August 7, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:     *United States v. Hernan Lopez and Carlos Martinez*, No. 15-cr-252-32, 33 (PKC)

Dear Counsel:

We write to address the second point raised in your July 30, 2020 response to our July 20, 2020 letter.  We appreciate your prompt response to our July 20 and July 27, 2020 letters, and we appreciate the government's continued production of documents despite various logistical challenges, which we understand well.

You have asked us to provide authority supporting our position that the government must provide us with information about which documents are not discoverable.  However, it is our position that the government should provide us with support for its insistence that it should be permitted to withhold materials obtained from Fox or Torneos without (a) informing us of the contents of those documents and/or (b) explaining why the documents are not material under *Brady*, *Giglio*, or Rule 16.

The most sensible approach to this issue is for the government to explain to us what it is withholding and its reasons for doing so.  Materiality under Rule 16 is a low threshold—documents are material (*i.e.*, discoverable) if they might help rebut the government's allegations, bolster the defense's narrative, or even assist in a choice of defense strategy.  *United States v. Stein*, 488 F. Supp. 2d 350, 356 (S.D.N.Y. 2007) ("The materiality standard [of Rule 16] normally is not a heavy burden. . . ."); *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) ("Information is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." (internal quotation marks omitted)).

Given the centrality of Fox and Torneos to the government's allegations, it is highly doubtful that documents the government obtained from those entities during an investigation directly related to Mr. Lopez's and Mr. Martinez's alleged conduct would not be material to the preparation of their defense and discoverable under Rule 16.  Thus, the burden should be on the government to both



August 7, 2020
Page 2 of 3

disclose whether it is withholding any documents on the basis that they are not material and explain the rationale underlying its decision to withhold.

Our approach to this issue also makes sense given the requirements for demonstrating that documents are discoverable under Rule 16. The burden typically falls on defendants to show that the documents they seek are material. *See United States v. Giffen*, 379 F. Supp. 2d 337, 342 (S.D.N.Y. 2004). But, as the Rule 16 Advisory Committee Notes acknowledge, if defendants do not know what evidence the government is withholding as immaterial, they cannot seek its disclosure. Fed. R. Crim. P. 16 ("It may be difficult for a defendant to make this showing [of materiality] if he does not know what the evidence is."). This case is no different, as it is practically impossible for us to show materiality without any information about the documents the government is withholding.

Last, please provide us with your methodology for determining whether evidence in your possession is or is not material to the preparation of Mr. Lopez and/or Mr. Martinez's defense. Thus far, the government has produced almost five terabytes of data. During our review of the government's productions, we have come across a number of items (not obtained from Fox or Torneos) that do not appear at all related to the allegations against Mr. Lopez or Mr. Martinez. Given that you have provided us evidence that is immaterial to our defense, we believe it is imperative that you share with us the protocols or methods that you use to determine what you must produce under Rule 16, particularly if you have withheld documents you obtained from Fox and/or Torneos.

Based on the above, we ask that you let us know whether there are any materials from Fox or Torneos that the government is withholding as immaterial under Rule 16 and, if there are any such documents, we ask that you explain why the documents do not meet the low threshold for materiality. Alternatively, if you decline to provide us with that information, please provide us with any authority supporting the government's position that it need not do so. In either event, please let us know how the government has determined which materials (other than *Brady*, *Giglio*, or *Jencks* Act materials) to produce and which to withhold.



August 7, 2020
Page 3 of 3

We look forward to hearing from you and would appreciate a response to these issues as soon as possible so that we can bring these issues before the Court, if necessary.  As always, please let us know if you would like to set up a call to discuss anything in this letter.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

Steven McCool
Julia Coleman
Michael Cornacchia
Ramon Abadin
*Counsel for Carlos Martinez*

# EXHIBIT R

**EXHIBIT R**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH                     *271 Cadman Plaza East*
F. #2015R00747                      *Brooklyn, New York 11201*

August 24, 2020

<u>By E-mail</u>

Steven McCool                      Carlos Francisco Ortiz
McCool Law PLLC                    Norton Rose Fulbright US LLP
1776 K Street, NW, Suite 200       1301 Avenue of the Americas
Washington, DC 20006               New York, NY 10019-6022
smccool@mccoollawpllc.com          carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com

Re:   United States v. Full Play Group SA, <u>et al</u>.
      <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

The government hereby produces additional discovery (Bates-numbered
FIFA2-017829606 – FIFA2-018094288) in accordance with Rule 16 of the Federal Rules of
Criminal Procedure.  These materials are being produced pursuant to the protective orders
entered by the Court on April 29, 2020, which govern disclosure and dissemination of
designated discovery materials.  <u>See</u> ECF Dkt. Nos. 1380, 1381, 1382.  The government will
continue to provide discovery on a rolling basis.  The government renews its request for
reciprocal discovery from the defendants.

The government has made available at ████████████████████
████████████████, for reproduction to the defendants, the following documents:

| Document Description | Bates Range |
|---|---|
| ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ | FIFA2-017829606 – FIFA2-018094288 |

You may obtain copies of these materials by contacting ███████ ████████████ Please reference <u>United States v. Hugo Jinkis, et al.</u>, 15-CR-252, and this Office when requesting the materials.

This production supplements the government's prior productions dated April 30, May 7, June 4, July 9, and July 17, 2020.  If you have any questions, please do not hesitate to contact us.

Very truly yours,

SETH D. DuCHARME
Acting United States Attorney

By:  /s/

Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

2

# EXHIBIT S

**EXHIBIT S**

**From:**       Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:**       Friday, August 28, 2020 2:51 PM
**To:**         Matthew Umhofer; Samuel Josephs; Jim Spertus
**Cc:**         Steven McCool; Julia Coleman; Ramon A. Abadin; Michael Cornacchia; Ortiz, Carlos F.; Blanco, Mayling C.; Fardelmann, Katey; Mace, Kristin (USANYE); Edelman, Keith (USANYE); Hein, Patrick (USANYE); Farrell, Kaitlin (USANYE) 1
**Subject:**    U.S. v. Full Play Group SA, et al., 15-CR-252, Response to Lopez Brady letter dated Aug. 6, 2020
**Attachments:** 2020-08-28 ███████ Disclosure Letter.FINAL.pdf

Dear Counsel,

We write in response to your letter dated August 6, 2020, in which you seek clarification concerning the government's approach to its obligations under Brady v. Maryland, 373 U.S. 83 (1963).  We are not aware of any Brady materials in the discovery materials produced to date.  To the extent we become aware of Brady materials either in our production sets or in statements made by witnesses, we will disclose and draw your attention to any such materials or statements.  In an abundance of caution, we attach a letter providing information concerning statements by ███████████, a former colleague of Hernan Lopez and Carlos Martinez at Fox, although these statements do not constitute Brady.

Best regards,

Sam



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE/PTH
F. #2015R00747

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 28, 2020

<u>By E-mail</u>

Steven McCool
McCool Law PLLC
1776 K Street, NW, Suite 200
Washington, DC 20006
smccool@mccoollawpllc.com

Carlos Francisco Ortiz
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
carlos.ortiz@nortonrosefulbright.com

Matthew Donald Umhofer
Spertus, Landes & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
matthew@spertuslaw.com

Re:  United States v. Full Play Group SA, <u>et al</u>.
     <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Counsel:

In an abundance of caution, the government hereby discloses certain prior statements made by ▮▮▮▮▮▮, a former colleague of defendants Hernan Lopez and Carlos Martinez.  In response to a question from a government attorney as to whether Mr. Lopez had at any point expressed concern about his own potential criminal exposure in connection with the government's FIFA investigation, ▮▮▮▮▮ stated, in relevant part, "I don't recall him being concerned about his own exposure." ▮▮▮▮▮ further stated, "The concern was more about what's happening with the business being, you know, in an investigation of such.  It's not, you know, it's a very serious matter for everybody.  But not that he would have done anything wrong, or anybody would have done anything wrong." ▮▮▮▮▮ later stated of Mr. Martinez and Mr. Lopez, "I work[ed] with these people for, you know, ten years.  Hernan, you know, he was my boss and he was considered a golden star in News Corporation.  I didn't have any reason to not believe that they, you know, they make good business decisions on good businesses."  Asked whether ▮ trusted that Mr.

Lopez and Mr. Martinez were acting in the best business interests of their employer, ▮ ▮ replied, "Yes."

Although arguably helpful to the defense, these statements do not fall within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.  In addition, the government does not concede the relevance, materiality or admissibility of this information.  It is the government's understanding that Mr. Lopez and Mr. Martinez have contact information for ▮▮▮.

The government will supplement this letter as appropriate.  If you have any questions, please do not hesitate to contact us.

Very truly yours,

SETH D. DUCHARME
Acting United States Attorney

By:   /s/_____
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

# EXHIBIT T

**EXHIBIT T**



DRAFT - UNOFFICIAL TRANSLATION

Confidential Treatment Requested by
Wilmer Cutler Pickering Hale & Dorr LLP

Torneos_00004178

DISCLOSED PURSUANT TO PROTECTIVE ORDER          FIFA2-000979389

# EXHIBIT U

**EXHIBIT U**

S P E R T U S

L A N D E S &

U M H O F E R
LLP

1990 South Bundy Drive, Suite 705       617 West 7th Street, Suite 200
Los Angeles, CA 90025                   Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711         P 213.205.6520   F 213.205.6521

www.spertuslaw.com

September 1, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**    *United States v. Hernan Lopez and Carlos Martinez*, No. 15-cr-252-32, 33 (PKC)

Dear Counsel:

    We write to follow up on our August 7, 2020 letter requesting clarification about whether the government is withholding any documents on the basis that they are not discoverable under Rule 16. We appreciate your response to our August 6, 2020 letter regarding the government's view of its *Brady* obligations.

    We note that we haven't received a response to our August 7, 2020 letter. We would appreciate a response to that letter because, in addition to the other reasons we stated, we have identified a number of "gaps" in the Bates numbers that Fox and Torneos assigned to documents, *i.e.*, the "21CF2" or "TORNEOS" Bates numbers that appear on documents in the government's second production are not contiguous. It is our understanding that these gaps confirm that Fox and Torneos produced documents to the government that the government has not produced to us. A response to our August 7 letter will clarify whether these gaps represent documents that the government believes are not discoverable under Rule 16.

    We look forward to hearing from you and would appreciate a response to these issues by Friday, September 4, 2020, as we intend to bring this issue before the Court, if necessary.



September 1, 2020
Page 2 of 2

As always, please let us know if you would like to set up a call to discuss anything in this letter.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

Steven McCool
Julia Coleman
Michael Cornacchia
Ramon Abadin
*Counsel for Carlos Martinez*

# EXHIBIT V

**EXHIBIT V**

| | |
|---|---|
| **From:** | Nitze, Samuel (USANYE) |
| **To:** | Matthew Umhofer; Samuel Josephs; Mace, Kristin (USANYE); Hein, Patrick (USANYE); Edelman, Keith (USANYE) |
| **Cc:** | Jim Spertus; "smccool@mccoollawpllc.com"; "jcoleman@mccoollawpllc.com"; Michael T. Cornacchia |
| **Subject:** | RE: United States v. Lopez, Discovery Letter |
| **Date:** | Friday, September 04, 2020 6:00:34 PM |

Dear Counsel,

We write in response to your follow-up letter dated Sept. 1, 2020.  We do not intend to withhold Fox or Torneos documents that were produced previously – indeed, we are producing more documents than produced before the first trial because we have received additional documents since the trial. We ask that you please identify all or, if more efficient, a representative sampling of the gaps in bates numbering referenced in your letter so that we can check to make sure there were no glitches in production processing.  With respect to Torneos bates numbering, we note that Torneos produced some documents more than once and had more than one bates numbering system, so gaps in the Torneos sets are to be expected.  But, as I say, we will check.  We are still working through batches of previously produced documents and will continue to send productions on a rolling basis.  We also continue to evaluate documents not previously produced to assess discoverability under Rule 16 or otherwise.

Have a great weekend.

Sam

**From:** Matthew Umhofer <matthew@spertuslaw.com>
**Sent:** Friday, August 7, 2020 5:07 PM
**To:** Samuel Josephs <sam@spertuslaw.com>; Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel:

Attached is a follow-up to one of our prior letters.

Regards,
Matthew

**Matthew Donald Umhofer**
**Spertus, Landes & Umhofer, LLP**
West LA Office: 1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025
Downtown LA Office: 617 W. 7th St., Suite 200 | Los Angeles, CA 90017

t: (310) 826-4700 | f: (310) 826-4711
matthew@spertuslaw.com
http://www.spertuslaw.com/attorney/matthew-d-umhofer/

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Thursday, August 6, 2020 9:58 AM
**To:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>
**Cc:** Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** United States v. Lopez, Discovery Letter

Counsel,

Hope you are all doing well.  Please see the attached.  Thank you.

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

# EXHIBIT W

**EXHIBIT W**

SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705        617 West 7th Street, Suite 200
Los Angeles, CA 90025                    Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711          P 213.205.6520   F 213.205.6521

www.spertuslaw.com

September 7, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**    *United States v. Hernan Lopez and Carlos Martinez*, No. 15-cr-252-32, 33 (PKC)

Dear Counsel:

    Thank you for your September 4, 2020 email responding to our August 7, 2020 letter.  We write to ask you to clarify your latest statements and reconcile them with those set forth in your prior communications.

    In your September 4, 2020, email you wrote:  "We do not intend to withhold Fox or Torneos documents that were produced previously – indeed, we are producing more documents than produced before the first trial because we have received additional documents since the trial."  Later on, however, you wrote:  "We also continue to evaluate documents not previously produced to assess discoverability under Rule 16 or otherwise."

    On July 9, 2020, you stated:  "[W]e continue to make assessments as to the discoverability of certain materials in our possession."  On July 20, 2020, we asked:  "[P]lease let us know whether there are materials from either 21st Century Fox or Torneos that are currently in the government's possession that the government believes are not discoverable."  On July 30, 2020, you stated:  "To the extent we have materials from cooperating entities that are discoverable under Rule 16 or otherwise, you will receive those materials."

    Please respond to the following questions, each of which calls for a "yes" or "no" answer.  The term "you" refers to any government agent associated with the above-captioned prosecution.

    1.    Do you have materials from 21st Century Fox in your possession that were provided to you before the grand jury handed up the third superseding indictment?

    2.    If your answer is yes, have you produced all of these documents to Mr. Lopez and Mr. Martinez under Rule 16 or otherwise?



SPERTUS

LANDES &

UMHOFER
LLP

September 7, 2020
Page 2 of 3

3.      If you have not produced all of the documents identified in Question No. 1 to Mr. Lopez and Mr. Martinez, have you determined that the materials withheld are *not* discoverable under Rule 16 or otherwise?

4.      Do you have materials from Torneos in your possession that were provided to you before the grand jury handed up the third superseding indictment?

5.      If the answer is yes, have you produced all of these documents to Mr. Lopez and Mr. Martinez under Rule 16 or otherwise?

6.      If you have not produced all of the documents identified in Question No. 4 to Mr. Lopez and Mr. Martinez, have you determined that the materials withheld are *not* discoverable under Rule 16 or otherwise?

7.      Do you have materials from 21st Century Fox in your possession that were provided to you *after* the grand jury handed up the third superseding indictment?

8.      If your answer is yes, have you produced all of these documents to Mr. Lopez and Mr. Martinez under Rule 16 or otherwise?

9.      If you have not produced all of the documents identified in Question No. 7 to Mr. Lopez and Mr. Martinez, have you determined that the materials withheld are *not* discoverable under Rule 16 or otherwise?

10.     Do you have materials from Torneos in your possession that were provided to you *after* the grand jury handed up the third superseding indictment?

11.     If the answer is yes, have you produced all of these documents to Mr. Lopez and Mr. Martinez under Rule 16 or otherwise?

12.     If you have not produced all of the documents identified in Question No. 10 to Mr. Lopez and Mr. Martinez, have you determined that the materials withheld *not* discoverable under Rule 16 or otherwise?

13.     You stated that the government continues to receive documents from Torneos, Fox, and other third parties in response to investigative inquiries related to its case against Mr. Lopez and Mr. Martinez.  Is it your position that the government will withhold materials that it deems are not discoverable under Rule 16 or otherwise?

Given that these questions easily answerable, we request an immediate response.  If this is not possible, due to the holiday weekend, we ask that you provide your responses by noon on September 8, 2020.



SPERTUS
LANDES &
UMHOFER
LLP

September 7, 2020
Page 3 of 3

Finally, attached please find lists of "gaps" we have identified in the Torneos and Fox Bates numbers.  It is our understanding that these gaps represent pages that are potentially missing from the government's productions.  Please let us know if any of these gaps represent documents that were produced to the government, but that the government is withholding, and its basis for doing so.

Thank you for your consideration.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

Steven McCool
Julia Coleman
Michael Cornacchia
Ramon Abadin
*Counsel for Carlos Martinez*

# EXHIBIT X

**EXHIBIT X**

| From: | Nitze, Samuel (USANYE) |
|---|---|
| To: | Samuel Josephs; Matthew Umhofer |
| Cc: | Jim Spertus; "smccool@mccoollawpllc.com"; "jcoleman@mccoollawpllc.com"; Hein, Patrick (USANYE); Michael T. Cornacchia; Mace, Kristin (USANYE); Edelman, Keith (USANYE); Farrell, Kaitlin (USANYE) 1 |
| Subject: | RE: United States v. Lopez, Discovery Letter |
| Date: | Tuesday, September 08, 2020 9:06:37 AM |

Dear Counsel,

We write in response to your letter dated September 7, 2020.  We have begun to look into the Bates gaps you have identified in the Fox and Torneos productions – thank you for your fast response on that issue.  On that point, please let us know if you have a document bearing bates numbers FIFA2-000975789 - FIFA2-000975802 and, if so, provide us with the corresponding Torneos bates number, if any.  As to your numbered questions, we have materials from Fox, Torneos, and others that were obtained by the government before and after the indictment was returned.  These materials include documents that plainly are not discoverable – such as emails between counsel to schedule telephone calls, to give one example.  We are still working to produce materials that were produced to the previous trial defendants, including additional bank records and MLAT returns, as well as materials obtained after the 2017 trial.  As you know, we have produced and are producing many materials that are not discoverable under Rule 16 or otherwise.  However, we are under no obligation to do so and will not do so when there are countervailing interest as, for example, when disclosure would risk compromising the safety of a witness or jeopardizing aspects of our ongoing investigation.  Nevertheless, we will continue to assess all materials in our possession for discoverability, including in light of any discovery or information provided by the defendants pursuant to Rule 16(b), and will comply with our continuing duty to disclose all discoverable material.

Best regards,
Sam

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Monday, September 7, 2020 12:33 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer <matthew@spertuslaw.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel,

Hope you are all enjoying the holiday.  Attached please find a response to your Friday email.  Thanks very much.

Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

---

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Friday, September 4, 2020 6:00 PM
**To:** Matthew Umhofer <matthew@spertuslaw.com>; Samuel Josephs <sam@spertuslaw.com>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Dear Counsel,

We write in response to your follow-up letter dated Sept. 1, 2020.  We do not intend to withhold Fox or Torneos documents that were produced previously – indeed, we are producing more documents than produced before the first trial because we have received additional documents since the trial.  We ask that you please identify all or, if more efficient, a representative sampling of the gaps in bates numbering referenced in your letter so that we can check to make sure there were no glitches in production processing.  With respect to Torneos bates numbering, we note that Torneos produced some documents more than once and had more than one bates numbering system, so gaps in the Torneos sets are to be expected.  But, as I say, we will check.  We are still working through batches of previously produced documents and will continue to send productions on a rolling basis.  We also continue to evaluate documents not previously produced to assess discoverability under Rule 16 or otherwise.

Have a great weekend.

Sam

---

**From:** Matthew Umhofer <matthew@spertuslaw.com>
**Sent:** Friday, August 7, 2020 5:07 PM
**To:** Samuel Josephs <sam@spertuslaw.com>; Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Mace,

Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel:

Attached is a follow-up to one of our prior letters.

Regards,
Matthew

**Matthew Donald Umhofer**
**Spertus, Landes & Umhofer, LLP**
West LA Office: 1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025
Downtown LA Office: 617 W. 7th St., Suite 200 | Los Angeles, CA 90017
t: (310) 826-4700 | f: (310) 826-4711
matthew@spertuslaw.com
http://www.spertuslaw.com/attorney/matthew-d-umhofer/

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Thursday, August 6, 2020 9:58 AM
**To:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>
**Cc:** Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** United States v. Lopez, Discovery Letter

Counsel,

Hope you are all doing well.  Please see the attached.  Thank you.

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply

to advise the sender of the error and then immediately delete this message.  Thank you.

# EXHIBIT Y

**EXHIBIT Y**

SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705        617 West 7th Street, Suite 200
Los Angeles, CA 90025                    Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711          P 213.205.6520   F 213.205.6521

www.spertuslaw.com

September 8, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**    *United States v. Hernan Lopez and Carlos Martinez*, No. 15-cr-252-32, 33 (PKC)

Dear Counsel:

       Thank you for your September 8, 2020 email responding to our September 6, 2020 letter. We understand that there are documents that you have received from Fox and Torneos and that you are not producing some of those documents. We think we have satisfied our meet and confer obligations on this issue and intend to raise it with the Court. Please let us know if you feel differently.

                                      Respectfully,

                                        Matthew Donald Umhofer
                                        Samuel A. Josephs
                                        James W. Spertus
                                        *Counsel for Hernan Lopez*

                                        Steven McCool
                                        Julia Coleman
                                        Michael Cornacchia
                                        Ramon Abadin
                                        *Counsel for Carlos Martinez*

# EXHIBIT Z

**EXHIBIT Z**

| | |
|---|---|
| **From:** | Nitze, Samuel (USANYE) |
| **To:** | Samuel Josephs; Matthew Umhofer |
| **Cc:** | Jim Spertus; "smccool@mccoollawpllc.com"; "jcoleman@mccoollawpllc.com"; Hein, Patrick (USANYE); Michael T. Cornacchia; Mace, Kristin (USANYE); Edelman, Keith (USANYE); Farrell, Kaitlin (USANYE) 1 |
| **Subject:** | RE: United States v. Lopez, Discovery Letter |
| **Date:** | Wednesday, September 09, 2020 2:42:57 PM |

Sam,

Thank you for the response.  We do not agree that you have satisfied your meet and confer obligations because we do not know what relief you intend to request from the Court and thus have had no opportunity to consider, confer with you about, or take a position on your proposed application.  We ask that you inform us of the nature of the application you intend to file with the Court so that we have an opportunity to address or at least take a position on the underlying issue(s).

Best regards,

Sam

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Tuesday, September 8, 2020 7:34 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer <matthew@spertuslaw.com>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Michael T. Cornacchia <mcornacchia@mtclegal.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>; Farrell, Kaitlin (USANYE) 1 <KFarrell1@usa.doj.gov>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel,

Thank you for your email.  Please see the attached response.

Best,
Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Tuesday, September 08, 2020 9:03 AM
**To:** Samuel Josephs <sam@spertuslaw.com>; Matthew Umhofer <matthew@spertuslaw.com>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com'
<smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>;
Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Michael T. Cornacchia
<mcornacchia@mtclegal.com>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Edelman, Keith
(USANYE) <Keith.Edelman@usdoj.gov>; Farrell, Kaitlin (USANYE) 1 <Kaitlin.Farrell@usdoj.gov>
**Subject:** RE: United States v. Lopez, Discovery Letter

Dear Counsel,

We write in response to your letter dated September 7, 2020.  We have begun to look into the Bates
gaps you have identified in the Fox and Torneos productions – thank you for your fast response on
that issue.  On that point, please let us know if you have a document bearing bates numbers FIFA2-
000975789 - FIFA2-000975802 and, if so, provide us with the corresponding Torneos bates number,
if any.  As to your numbered questions, we have materials from Fox, Torneos, and others that were
obtained by the government before and after the indictment was returned.  These materials include
documents that plainly are not discoverable – such as emails between counsel to schedule
telephone calls, to give one example.  We are still working to produce materials that were produced
to the previous trial defendants, including additional bank records and MLAT returns, as well as
materials obtained after the 2017 trial.  As you know, we have produced and are producing many
materials that are not discoverable under Rule 16 or otherwise.  However, we are under no
obligation to do so and will not do so when there are countervailing interest as, for example, when
disclosure would risk compromising the safety of a witness or jeopardizing aspects of our ongoing
investigation.  Nevertheless, we will continue to assess all materials in our possession for
discoverability, including in light of any discovery or information provided by the defendants
pursuant to Rule 16(b), and will comply with our continuing duty to disclose all discoverable
material.

Best regards,
Sam

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Monday, September 7, 2020 12:33 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer
<matthew@spertuslaw.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick
(USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com'
<smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>;
Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel,

Hope you are all enjoying the holiday.  Attached please find a response to your Friday email.  Thanks very much.

Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

---

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Friday, September 4, 2020 6:00 PM
**To:** Matthew Umhofer <matthew@spertuslaw.com>; Samuel Josephs <sam@spertuslaw.com>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Dear Counsel,

We write in response to your follow-up letter dated Sept. 1, 2020.  We do not intend to withhold Fox or Torneos documents that were produced previously – indeed, we are producing more documents than produced before the first trial because we have received additional documents since the trial. We ask that you please identify all or, if more efficient, a representative sampling of the gaps in bates numbering referenced in your letter so that we can check to make sure there were no glitches in production processing.  With respect to Torneos bates numbering, we note that Torneos produced some documents more than once and had more than one bates numbering system, so gaps in the Torneos sets are to be expected.  But, as I say, we will check.  We are still working through batches of previously produced documents and will continue to send productions on a rolling basis.  We also continue to evaluate documents not previously produced to assess discoverability under Rule 16 or otherwise.

Have a great weekend.

Sam

**From:** Matthew Umhofer <matthew@spertuslaw.com>
**Sent:** Friday, August 7, 2020 5:07 PM
**To:** Samuel Josephs <sam@spertuslaw.com>; Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel:

Attached is a follow-up to one of our prior letters.

Regards,
Matthew

**Matthew Donald Umhofer**
**Spertus, Landes & Umhofer, LLP**
West LA Office: 1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025
Downtown LA Office: 617 W. 7th St., Suite 200 | Los Angeles, CA 90017
t: (310) 826-4700 | f: (310) 826-4711
matthew@spertuslaw.com
http://www.spertuslaw.com/attorney/matthew-d-umhofer/

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Thursday, August 6, 2020 9:58 AM
**To:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>
**Cc:** Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** United States v. Lopez, Discovery Letter

Counsel,

Hope you are all doing well.  Please see the attached.  Thank you.

Samuel A. Josephs
Spertus, Landes & Umhofer, LLP
617 W. 7th St., Suite 200 | Los Angeles, CA 90017
t: (213) 205-6520 | f: (213) 205-6521
1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025

t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

# EXHIBIT AA

**EXHIBIT AA**

SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705          617 West 7th Street, Suite 200
Los Angeles, CA 90025                      Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711            P 213.205.6520   F 213.205.6521

www.spertuslaw.com

September 9, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

     **Re:**    ***United States v. Hernan Lopez and Carlos Martinez*, No. 15-cr-252-32, 33 (PKC)**

Dear Counsel:

       Thank you for your September 9, 2020 email responding to our September 8, 2020 letter. We believe both sides' positions are clear and that further meeting and conferring is not necessary. We are requesting two forms of relief from the Court: (1) that the government produce all documents it has in its possession from Fox and Torneos, and (2) that the government provide an itemized response to each of our discovery requests. We intend to raise these issues with the Court unless the government is willing to satisfy these two requests.

       Respectfully,

       Matthew Donald Umhofer
       Samuel A. Josephs
       James W. Spertus
       *Counsel for Hernan Lopez*

       Steven McCool
       Julia Coleman
       Michael Cornacchia
       Ramon Abadin
       *Counsel for Carlos Martinez*

# EXHIBIT BB

**EXHIBIT BB**

| From: | Nitze, Samuel (USANYE) |
|-------|------------------------|
| To: | Samuel Josephs; Matthew Umhofer |
| Cc: | Jim Spertus; Steven McCool; Julia Coleman; Hein, Patrick (USANYE); Michael Cornacchia; Mace, Kristin (USANYE); Edelman, Keith (USANYE); Farrell, Kaitlin (USANYE) 1 |
| Subject: | RE: United States v. Lopez, Discovery Letter |
| Date: | Wednesday, September 09, 2020 1:32:05 PM |

Dear Counsel,

We understand your position to be that you are entitled to everything the government has received from Fox and Torneos, including materials (such as scheduling emails) that clearly are not discoverable under Rule 16 or Brady, as well as itemized responses to each of your scores of discovery requests.  We are not aware of any authority supporting either request.  If you can point us to relevant authority, we are happy to review it.  Otherwise, it does seem that we have reached an impasse.

Also, we reiterate our request that you please let us know if you have a document bearing bates numbers FIFA2-000975789 - FIFA2-000975802 and, if so, provide us with the corresponding Torneos bates number, if any.  This will help us in our effort to understand the gaps you identified in your letter dated Sept. 7, 2020.

Thank you.

Sam

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Wednesday, September 9, 2020 1:07 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer <matthew@spertuslaw.com>
**Cc:** Jim Spertus <jim@spertuslaw.com>; Steven McCool <smccool@mccoollawpllc.com>; Julia Coleman <jcoleman@mccoollawpllc.com>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Michael Cornacchia <mcornacchia@mtclegal.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>; Farrell, Kaitlin (USANYE) 1 <KFarrell1@usa.doj.gov>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel,

Please see the attached response.

Best,
Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
617 W. 7th St., Suite 200 | Los Angeles, CA 90017
t: (213) 205-6520 | f: (213) 205-6521
1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025

t: (310) 826-4700 | f: (310) 826-4711

sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

**From:** "Nitze, Samuel (USANYE)" <Samuel.Nitze@usdoj.gov>
**Date:** September 9, 2020 at 9:24:13 AM EDT
**To:** Samuel Josephs <sam@spertuslaw.com>, Matthew Umhofer <matthew@spertuslaw.com>
**Cc:** Jim Spertus <jim@spertuslaw.com>, Steven McCool <smccool@mccoollawpllc.com>, Julia Coleman <jcoleman@mccoollawpllc.com>, "Hein, Patrick (USANYE)" <Patrick.Hein@usdoj.gov>, Michael Cornacchia <mcornacchia@mtclegal.com>, "Mace, Kristin (USANYE)" <Kristin.Mace@usdoj.gov>, "Edelman, Keith (USANYE)" <Keith.Edelman@usdoj.gov>, "Farrell, Kaitlin (USANYE) 1" <Kaitlin.Farrell@usdoj.gov>
**Subject: RE:  United States v. Lopez, Discovery Letter**

Sam,

Thank you for the response.  We do not agree that you have satisfied your meet and confer obligations because we do not know what relief you intend to request from the Court and thus have had no opportunity to consider, confer with you about, or take a position on your proposed application.  We ask that you inform us of the nature of the application you intend to file with the Court so that we have an opportunity to address or at least take a position on the underlying issue(s).

Best regards,

Sam

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Tuesday, September 8, 2020 7:34 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer <matthew@spertuslaw.com>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Michael T. Cornacchia <mcornacchia@mtclegal.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>; Farrell, Kaitlin (USANYE) 1 <KFarrell1@usa.doj.gov>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel,

Thank you for your email.  Please see the attached response.

Best,
Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

---

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Tuesday, September 08, 2020 9:03 AM
**To:** Samuel Josephs <sam@spertuslaw.com>; Matthew Umhofer <matthew@spertuslaw.com>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Michael T. Cornacchia <mcornacchia@mtclegal.com>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>; Farrell, Kaitlin (USANYE) 1 <Kaitlin.Farrell@usdoj.gov>
**Subject:** RE: United States v. Lopez, Discovery Letter

Dear Counsel,

We write in response to your letter dated September 7, 2020.  We have begun to look into the Bates gaps you have identified in the Fox and Torneos productions – thank you for your fast response on that issue.  On that point, please let us know if you have a document bearing bates numbers FIFA2-000975789 - FIFA2-000975802 and, if so, provide us with the corresponding Torneos bates number, if any.  As to your numbered questions, we have materials from Fox, Torneos, and others that were obtained by the government before and after the indictment was returned.  These materials include documents that plainly are not discoverable – such as emails between counsel to schedule telephone calls, to give one example.  We are still working to produce materials that

were produced to the previous trial defendants, including additional bank records and MLAT returns, as well as materials obtained after the 2017 trial.  As you know, we have produced and are producing many materials that are not discoverable under Rule 16 or otherwise.  However, we are under no obligation to do so and will not do so when there are countervailing interest as, for example, when disclosure would risk compromising the safety of a witness or jeopardizing aspects of our ongoing investigation.  Nevertheless, we will continue to assess all materials in our possession for discoverability, including in light of any discovery or information provided by the defendants pursuant to Rule 16(b), and will comply with our continuing duty to disclose all discoverable material.

Best regards,
Sam

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Monday, September 7, 2020 12:33 PM
**To:** Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Matthew Umhofer <matthew@spertuslaw.com>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel,

Hope you are all enjoying the holiday.  Attached please find a response to your Friday email.  Thanks very much.

Sam

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then

immediately delete this message.  Thank you.

**From:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>
**Sent:** Friday, September 4, 2020 6:00 PM
**To:** Matthew Umhofer <matthew@spertuslaw.com>; Samuel Josephs <sam@spertuslaw.com>; Mace, Kristin (USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE) <Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE) <Keith.Edelman@usdoj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com' <smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com' <jcoleman@mccoollawpllc.com>; Michael T. Cornacchia <mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Dear Counsel,

We write in response to your follow-up letter dated Sept. 1, 2020.  We do not intend to withhold Fox or Torneos documents that were produced previously – indeed, we are producing more documents than produced before the first trial because we have received additional documents since the trial.  We ask that you please identify all or, if more efficient, a representative sampling of the gaps in bates numbering referenced in your letter so that we can check to make sure there were no glitches in production processing.  With respect to Torneos bates numbering, we note that Torneos produced some documents more than once and had more than one bates numbering system, so gaps in the Torneos sets are to be expected.  But, as I say, we will check.  We are still working through batches of previously produced documents and will continue to send productions on a rolling basis.  We also continue to evaluate documents not previously produced to assess discoverability under Rule 16 or otherwise.

Have a great weekend.

Sam

**From:** Matthew Umhofer <matthew@spertuslaw.com>
**Sent:** Friday, August 7, 2020 5:07 PM
**To:** Samuel Josephs <sam@spertuslaw.com>; Nitze, Samuel (USANYE) <SNitze@usa.doj.gov>; Mace, Kristin (USANYE) <KMace@usa.doj.gov>; Hein, Patrick (USANYE) <PHein@usa.doj.gov>; Edelman, Keith (USANYE) <KEdelman@usa.doj.gov>
**Cc:** Jim Spertus <jim@spertuslaw.com>; 'smccool@mccoollawpllc.com'

<smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com'
<jcoleman@mccoollawpllc.com>; Michael T. Cornacchia
<mcornacchia@mtclegal.com>
**Subject:** RE: United States v. Lopez, Discovery Letter

Counsel:

Attached is a follow-up to one of our prior letters.

Regards,
Matthew

**Matthew Donald Umhofer**
**Spertus, Landes & Umhofer, LLP**
West LA Office: 1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025
Downtown LA Office: 617 W. 7th St., Suite 200 | Los Angeles, CA 90017
t: (310) 826-4700 | f: (310) 826-4711
matthew@spertuslaw.com
http://www.spertuslaw.com/attorney/matthew-d-umhofer/

---

**From:** Samuel Josephs <sam@spertuslaw.com>
**Sent:** Thursday, August 6, 2020 9:58 AM
**To:** Nitze, Samuel (USANYE) <Samuel.Nitze@usdoj.gov>; Mace, Kristin
(USANYE) <Kristin.Mace@usdoj.gov>; Hein, Patrick (USANYE)
<Patrick.Hein@usdoj.gov>; Edelman, Keith (USANYE)
<Keith.Edelman@usdoj.gov>
**Cc:** Matthew Umhofer <matthew@spertuslaw.com>; Jim Spertus
<jim@spertuslaw.com>; 'smccool@mccoollawpllc.com'
<smccool@mccoollawpllc.com>; 'jcoleman@mccoollawpllc.com'
<jcoleman@mccoollawpllc.com>; Michael T. Cornacchia
<mcornacchia@mtclegal.com>
**Subject:** United States v. Lopez, Discovery Letter

Counsel,

Hope you are all doing well.  Please see the attached.  Thank you.

SAMUEL A. JOSEPHS
SPERTUS, LANDES & UMHOFER, LLP
**617 W. 7th St., Suite 200 | Los Angeles, CA 90017**
t: (213) 205-6520 | f: (213) 205-6521
**1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025**
t: (310) 826-4700 | f: (310) 826-4711
sjosephs@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

# EXHIBIT CC

**EXHIBIT CC**

SPERTUS
LANDES &
UMHOFER
LLP

1990 South Bundy Drive, Suite 705      617 West 7th Street, Suite 200
Los Angeles, CA 90025                  Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711        P 213.205.6520   F 213.205.6521

www.spertuslaw.com

September 28, 2020

**Via email**
Mr. Samuel Nitze
Ms. Kristen Mace
Mr. Keith Edelman
Mr. Patrick Hein
Assistant United States Attorneys
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Re:      *United States v. Hernan Lopez and Carlos Martinez*, No. 15-cr-252-32, 33 **(PKC)**

Dear Counsel:

We wanted to get back to you regarding the document bearing Bates numbers FIFA2-000975789 - FIFA2-000975802.  We have that document, which is Torneos_00000578 - Torneos_00000591.  Our analysis of the Torneos Bates gaps is ongoing, but we understand that the government has not produced all of the documents it has obtained from Torneos because the highest Torneos Bates number in the government's productions (Torneos_00260005) indicates that Torneos produced as many as two-hundred-sixty thousand pages to the government, far more than the approximately one hundred thousand pages of Torneos documents that the government has produced to us.  We disagree that we are not entitled to the government's communications with Torneos, even with respect to scheduling emails.  Thus, we agree that we are at an impasse regarding the government's discovery obligations and plan to take this issue before the Court.

Respectfully,

Matthew Donald Umhofer
Samuel A. Josephs
James W. Spertus
*Counsel for Hernan Lopez*

Steven McCool
Julia Coleman
Michael Cornacchia
Ramon Abadin
*Counsel for Carlos Martinez*