

**McCoolLawPLLC.com**

**Julia M. Coleman**

EMAIL   jcoleman@mccoollawpllc.com
MOBILE  410 570 1215
OFFICE  202 450 3370
FAX     202 450 3346

1776 K STREET, NW, SUITE 200
WASHINGTON, DC 20006

May 13, 2021

BY ELECTRONIC CASE FILING – **FILED UNDER SEAL**

The Honorable Pamela K. Chen
United States District Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Carlos Martinez*, Case No. 15-cr-252
            (Def. No. 33) (PKC)

Dear Judge Chen:

      I represent Defendant Carlos Martinez in the above-captioned case, pending before Your Honor.  Through this letter, Mr. Martinez respectfully submits his response to the government's opposition to his motion for an order permitting him to travel ▮▮▮▮▮▮▮▮ from May 17, 2021 through May 24, 2021.  Mr. Martinez has attached as Exhibit 1 a proposed redacted version of this reply, for the Court's consideration.

      The cases cited by the government in support of its opposition are easily distinguishable from Mr. Martinez's circumstances.  In *United States v. Boustani*, the defendant had a "complete lack of ties to the United States, and extensive ties to foreign countries without extradition."  932 F.3d 79, 83 (2d Cir. 2019).  Additionally, the district court in *Boustani* denied the defendant's request for pretrial release under the constant supervision of private armed security guards, for which the defendant would pay.  *Id.* at 80.  In affirming the district court's denial of the defendant's request, the Second Circuit emphasized that "[a] similarly situated defendant of lesser means surely would be detained pending trial, and Boustani is not permitted to avoid such a result by relying on his own financial resources to pay for a private jail."  *Id.* at 83.  The government did not seek to detain Mr. Martinez pending trial in this matter.  Instead the government and the defense worked collaboratively to fashion pretrial release conditions that would meet the requirements of 18 U.S.C. § 3142(c)(1)(B).  Mr. Martinez is not attempting to fashion a "private jail."  He has been in full compliance with his conditions of release, and now seeks the Court's leave to travel ▮▮▮

The Honorable Pamela K. Chen
May 13, 2021
Page 2 of 4

███████████████████████████   Any comparison to *Boustani*, therefore, is unfounded.

In *United States v. Raniere*, the defendant was charged with sex trafficking by force, threat of force, fraud, or coercion; conspiracy to commit sex trafficking by force, threats of force, fraud, or coercion; and conspiracy to cause another to engage in forced labor. 18-CR-204-1 (NGG), 2018 WL 3057702, at *1 (E.D.N.Y. June 20, 2018). The defendant in *Raniere*, therefore, faced the presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions [would] reasonably assure" the defendant's presence or the safety of the community or others. *Id.* at *3 (quoting 18 U.S.C. § 3142(e)(3)). The conduct alleged in the Third Superseding Indictment does not bear any similarity whatsoever, and, indeed, involves none of danger inherent in the charges against Raniere. Additionally, in *Raniere*, the district court found that it was "more likely than not that Defendant moved to Mexico last fall at least partly to elude law enforcement." *Id.* at *5. While in Mexico, Raniere allegedly "began using end-to-end encrypted email and stopped using his phone," resulting in it taking "a month and a half for authorities to track Defendant down." *Id.* Mr. Martinez has never attempted to evade law enforcement or conceal his location to government authorities. He has lived in Miami, Florida with his family for over fourteen years and has substantial personal and professional ties to the United States.

In *United States v. Maxwell*, the defendant was charged with conspiracy to entice minors to travel to engage in illegal sex acts, enticing a minor to travel to engage in illegal sex acts, related charges, and two charges of perjury. 20-CR-330 (AJN), 2020 WL 7866320, at *1 (Dec. 30, 2020). The defendant in *United States v. Epstein* faced similar charges. 425 F. Supp. 3d 306, 308 (S.D.N.Y. 2019). Given the heinous nature of the charges in *Maxwell* and *Epstein*, both defendants faced the presumption that "no condition or combination of conditions [would] reasonably assure" the defendant's presence or the safety of the community or others. 18 U.S.C. § 3142(e)(3). In *Maxwell*, the district court emphasized the defendant's "absence of any dependents, significant family ties, or employment in the United States" in denying her application for pretrial release. 2020 WL 7866320, at *5.[1] In *Epstein*, the government presented evidence that "[v]ictims [had] 'specifically conveyed' to the Government that any form of release of the Defendant, including home detention with full-time private guards, could 'result in [their] harassment and abuse." 425 F. Supp. 3d at 314. Epstein also had a history of witness harassment and intimidation. *Id.* at 317. In addition, the court considered Epstein a flight risk, given his "relatively limited family ties to the United States in the sense that he is single with no children and his parents are deceased." *Id.* at 322. Epstein was also in possession of an Austrian passport bearing his picture, but a false name, and listing his residence as Saudi Arabia. *Id.*

Mr. Martinez has not engaged in any obstructive conduct and faces allegations of non-violent offenses. He has demonstrated his strong ties to the United States and the seriousness with which he takes compliance with his pretrial release conditions. The government's attempt to compare the circumstances of Mr. Martinez's pretrial release, and his earnest request to travel ███

---

[1] The defendant subsequently submitted a letter from her husband and friends living in the United States to provide evidence of her ties to the country. The defendant, however, "was not living with [her husband] and claimed to be getting divorced," and her friends could "visit [the defendant] were she to flee to another country." *Id.* at *6.

███████████████████████████████████████████████████████████ to the defendants in *Boustani*, *Raniere*, *Maxwell*, and *Epstein* are without merit.

The government also states that Ramon Abadin, counsel of record for Mr. Martinez, would be unable to "ensure the defendant's ███████████████ should the defendant decide █ █████████." Gov't Opp. at 1. As demonstrated in Mr. Abadin's letter to the Court, Mr. Abadin is a highly-regarded attorney who has built a successful career over the course of many years. Mr. Abadin takes his obligations as an officer of the Court very seriously, and understands the obligations he would face as a third-party custodian to Mr. Martinez under 18 U.S.C. § 3142(c)(1)(B)(i), one of those obligations being to assure the Court that Mr. Martinez will appear at any future hearings. Mr. Abadin's successful fulfillment of his obligation ████████ ██████████████████████████████████████████████████ clearly demonstrates his ability to fulfill the same obligation on the trip that is the subject of this motion.

The government next contends that Mr. Martinez does not need to travel ████ ████████████████████████████████████████████████████████████████ Gov't Opp. at 2. ██████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ██████████████████ And, as set forth in 18 U.S.C. § 3142(c)(1)(B), the Court should impose only the least restrictive condition, or combination of conditions, needed to reasonably assure Mr. Martinez's appearance in this matter. Mr. Martinez has demonstrated that he is not a flight risk. ████████████████████████████████████

The government closes its opposition by contending that ████████████████ ██████████████████████████████████████████████████████████████████████████████ Gov't Opp. at 2. ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████

For the foregoing reasons and the reasons set forth in Mr. Martinez's motion to modify the conditions of his release, Mr. Martinez respectfully requests the Court grant his motion to travel ████████████████ from May 17, 2021 through May 24, 2021. Mr. Martinez has demonstrated that he is not a flight risk. He has abided by all conditions of his release and he will continue to do so. ████████████████████████████████████████████████████████████████

The Honorable Pamela K. Chen
May 13, 2021
Page 4 of 4

████████████████████████████████████
████████████████████████████████████
████████████████████████

                                    Respectfully submitted,

                                  *Julia M. Coleman*

                                  Julia M. Coleman
                                  Steven J. McCool
                                  Michael Cornacchia
                                  Ramon Abadin

                                  *Counsel for Carlos Martinez*

cc:  Counsel for the United States (by e-mail)
     Supervising U.S. Pretrial Services Officer Ramel Moore (by e-mail)
     U.S. Probation Officer Juan Nunez (by e-mail)