UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -

HERNAN LOPEZ and CARLOS MARTINEZ,

        Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CR-252 (S-3) (PKC)

PAMELA K. CHEN, United States District Judge:

Before the Court is the request of Defendants Carlos Martinez and Hernan Lopez to issue (1) a subpoena *duces tecum* upon Walden, Macht & Haran, LLP—the law firm representing the Government's cooperating witness Alejandro Burzaco—for Burzaco's iPhone and Blackberry, and any electronic chips relating to those devices, that were surrendered to counsel in May 2015; and (2) a letter rogatory upon Torneos y Compentencias, S.A. ("Torneos") to obtain electronic information from Burzaco's Blackberry stored on the company's servers. (Dkt. 1599.) Although the Court initially granted the requested subpoena and letter rogatory, the Court stayed service of those documents after the Government asked to be heard on this issue. (*See* 8/20/2021 2:50 PM Docket Order; 8/20/2021 5:28 PM Docket Order.) The Government thereafter filed a motion to quash.[1] (Dkt. 1614.) Upon further consideration of the relevant factors, the Court now finds that

---

[1] The Court finds that the Government has standing to move to quash Defendants' requested subpoena and letter rogatory on third parties, given that the items being sought belong and/or relate to the Government's primary cooperating witness. *See United States v. Ray*, 337 F.R.D. 561, 571 (S.D.N.Y. 2020) ("[C]ourts in this District have generally come to the conclusion that the Government can move to quash subpoenas issued for the records of non-parties only on the basis of the Government's own legitimate interests."). In any event, "regardless of the [Government's] standing, the Court has an independent duty to review the propriety of [a] subpoena." *United States v. Robinson*, No. 16-CR-545 (ADS) (AYS), 2017 WL 1331274, at *2 (E.D.N.Y. Apr. 10, 2017) (quoting *United States v. Vasquez*, 258 F.R.D. 68, 71–72 (E.D.N.Y. 2009)).

both the subpoena and letter rogatory are overbroad and violate the fundamental principle that Rule 17 is not a tool to engage in "a general 'finishing expedition,'" *United States v. Nixon*, 418 U.S. 683, 700 (1974), and accordingly grants in part and denies in part the Government's motion to quash Defendants' subpoena and letter rogatory request.[2] Defendants' subpoena and letter rogatory will be modified as described below, and the requested materials will be made returnable to the United States Attorney's Office for the Eastern District of New York, which will determine which material should be produced and/or disclosed to Defendants.

"When a party moves to quash the subpoena as unduly unreasonable or oppressive, the proponent of the subpoena must make a preponderance showing that the materials requested satisfy the standard under Rule 17." *United States v. Cole*, No. 19-CR-869 (ER), 2021 WL 912425, at *3 (S.D.N.Y. Mar. 10, 2021) (alterations, quotations, and citations omitted). This standard presents "three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Nixon*, 418 U.S. at 700.

While the Court finds that the items sought by Defendants—the iPhone and Blackberry of Alejandro Burzaco and information from Burzaco's Blackberry stored on Torneos's servers—may contain or constitute relevant and admissible evidence in this matter, Defendants' proposed subpoena and letter rogatory are not sufficiently specific. *Cf. United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 1625392, at *2 (S.D.N.Y. Apr. 27, 2021) ("The use of the terms 'all' and 'any' 'do[es] not evince specificity.' . . . Rule 17(c) subpoenas are not tools of discovery." (citations omitted)). Permitting Defendants to obtain these items and information, as currently requested, will almost certainly result in the disclosure of material exceeding the scope of Rule 16 discovery or the requirements of *Brady* or *Giglio*, such as Burzaco's personal or business

---

[2] The Court finds additional argument unnecessary with respect to this issue and therefore denies Defendants' request for oral argument. (Dkt. 1618.)

2

communications that have no connection to this case. This fact demonstrates both that the requests are overly broad and constitute discovery requests that are improper under Rule 17(c).

Therefore, the Court:

(1) Partially quashes the original letter rogatory and instead authorizes a letter rogatory to Torneos for: "Email communications, text messages, calendar entries, and WhatsApp communications from Alejandro Burzaco's BlackBerry device. To the extent there are email communications responsive to this request, this request is limited to email communications stored and/or maintained on Torneos y Competencias, S.A.'s BlackBerry Enterprise Server, or any other BlackBerry server maintained by Torneos y Competencias, S.A." Torneos should be directed to produce any responsive materials to the United States Attorney's Office for the Eastern District of New York. Once these materials are received, the Government shall promptly produce all Rule 16, *Brady*, and *Giglio* material to the defense within 60 days.[3]

(2) Quashes the initial subpoena and directs the Government to obtain Alejandro Burzaco's BlackBerry and iPhone at issue, and any electronic chips relating to such devices, from Burzaco's counsel. The Government thereafter shall promptly produce all Rule 16, *Brady*, and *Giglio* material to the defense within 60 days.[4]

Finally, the Court finds inapposite Defendants' argument, asserted without any authority, that Burzaco has waived his right to object to the production of the devices at issue by not joining in the Government's motion to quash. (Dkt. 1617, at 3 n.2.) Given that no subpoena has been served, Defendants' assertion that Burzaco has waived his right to object or move to quash makes no sense, and the Court rejects it.

---

[3] To the extent the Government purports to assert Torneo's privilege, the Government has not established standing to do so. *See In re Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997).

[4] Though the Court finds it curious that the Government never sought to obtain Burzaco's devices, that fact in itself does not provide a basis for finding that the Government has not discharged, or will not discharge, its discovery and disclosure obligations faithfully, nor does it warrant the grossly disproportionate measure of appointing a special master to review the subpoena results to determine what should be produced or disclosed to the defense, as Defendants suggest. (*See* Dkt. 1617, at 3, 8–9.)

3

## CONCLUSION

The Government's motion to quash is granted in part and denied in part, and Defendants' request for oral argument is denied. The Court authorizes a more limited letter rogatory as described herein. Defendants shall file a revised proposed letter rogatory that complies with the Court's modifications. The Court quashes the initial subpoena and directs the Government to obtain Alejandro Burzaco's iPhone and Blackberry at issue, and any electronic chips relating to those devices, from Burzaco's counsel. The Government thereafter shall promptly produce all Rule 16, *Brady*, and *Giglio* material to the defense within 60 days.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 3, 2021
       Brooklyn, New York