UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS MARTINEZ,<br><br>Defendant. | CASE NO. 15-cr-252-33 (PKC) |

**DEFENDANT CARLOS MARTINEZ'S REPLY IN SUPPORT OF HIS MOTION *IN LIMINE* TO ADMIT GOVERNMENT STATEMENTS AT TRIAL**

**McCOOL LAW, PLLC**
Steven J. McCool
Julia M. Coleman

**SPERTUS, LANDES & UMHOFER, LLP**
Samuel A. Josephs
Payton J. Lyon
Hannah A. Bogen

Michael T. Cornacchia

Ramon A. Abadin

*Counsel for Carlos Martinez*

1

**INTRODUCTION**

The government mischaracterizes Mr. Martinez's Motion to Admit Government Statements[1] at Trial ("Motion") as a motion to compel further particulars. Mr. Martinez is not asking for additional specificity regarding the allegedly tainted transactions. Mr. Martinez seeks to admit the government's two bills of particulars ("First BOP" and "Second BOP") as statements of a party opponent because they are relevant and admissible.

**ARGUMENT**

A defendant may introduce a prosecutor's prior statement at trial when (1) the prosecution offered clearly inconsistent assertions of fact, (2) the assertions are the equivalent of testimonial statements, and (3) there is not an innocent explanation for the inconsistency. *United States v. James*, 712 F.3d 79, 102 (2d Cir. 2013); *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984); Fed. R. Evid. 801(d)(2). The Government Statements satisfy the Second Circuit's test for admissibility and the Court should admit them at trial.

**A.    The Government Statements Are Clearly Inconsistent.**

Contrary to the government's argument that the Government Statements "cannot be described as clearly inconsistent," (ECF No. 1720 ("Opp'n") at 13), the statements plainly are.

*First*, in the First BOP, the government stated that Mr. Martinez became aware of the charged conspiracy between 2007 and 2011. (First BOP at 2.) On December 14, 2021, the Court ordered the government to list all contracts, *as to each defendant*, that the government would seek to prove were tainted by an unlawful conspiracy involving *that defendant*. (*See* 12/14/2021 Minute Entry.) In response, despite previously stating that the earliest year in which Mr. Martinez became

---

[1] "Government Statements" refers to the First BOP (ECF No. 1636) and Second BOP (ECF No. 1684) collectively.

aware of the charged conspiracy was 2007, the government filed a Second BOP that contained thirty-five contracts dated before 2007. (Second BOP at 5-7.) It is impossible to square the position that contracts that pre-dated Mr. Martinez's supposed awareness of the conspiracy are tainted *as to Mr. Martinez*. Indeed, the Second BOP listed contracts that are, in the government's view, "directly tainted by or used in furtherance of the charged conduct as to [Mr. Martinez]." (Second BOP at 5.)

*Second*, in response to the Court's order that the government must identify the year that Mr. Martinez became aware of the bribery scheme (09/17/2021 Minute Entry), the government did not identify a single year, but rather provided a four-year window. (First BOP at 2.) It is inconsistent to take the position that Mr. Martinez became aware of the charged conspiracy as early as 2007 or as late as 2011. Mr. Martinez is either alleged to have become aware of the conspiracy in 2007, or four years later in 2011. It is impossible for *both* of those assertions to be true—it must be one or the other.

Accordingly, the Government Statements are inconsistent.

**B.      The Government Statements Are the Equivalent of Testimonial Statements.**

The government does not dispute that this Circuit considers a bill of particulars the equivalent of testimonial statements. (*See* Opp'n; *United States v. GAF Corp.*, 928 F.2d 1253, 1261-62 n.3 (2d Cir. 1991).)

**C.      There Is No Innocent Explanation for the Inconsistency.**

The government's explanations for the two inconsistencies are not "innocent"—that is, they do not cure the inconsistencies. As to the first inconsistency, the government argues that it does not intend to prove that Mr. Martinez was involved in criminal conduct before 2007. (Opp'n at 9-10.) The government argues that that the contracts in the Second BOP are probative of the

3

charged scheme generally and admissible to prove the existence of the alleged conspiracy before Mr. Martinez joined it. (*Id.* at 9.) However, whether these pre-2007 contracts are admissible to prove the conspiracy generally, and are unrelated to Mr. Martinez's knowledge of or participation in the conspiracy, does not negate the fact that the government identified them as contracts that were tainted by an unlawful conspiracy *involving Mr. Martinez*. That is, despite the Court's order at the December 14, 2021 hearing that it was *not* asking the government to identify all contracts probative of the fraudulent scheme (12/14/2021 Tr. at 19-20), the government still listed these pre-2007 contracts as contracts that related specifically to Mr. Martinez.

As to the second inconsistency, the four-year window that the government provided in response to the Court's order that it specify at least *the year* Mr. Martinez joined the conspiracy suggests ambiguity as to whether Mr. Martinez allegedly joined the conspiracy at all. The government argues that its four-year window was provided in an effort to "provide more information than required by the law and by the Court[.]" (Opp'n at 10 n.2.) But again, that position does not explain why, when ordered to provide the year Mr. Martinez allegedly joined the conspiracy, the government was unable to do so.

Although the government is not obligated to prove the date that Mr. Martinez became involved in the charged conspiracy (Opp'n at 11), the Court ordered it to provide a year. (09/17/2021 Minute Entry.) The government's inability to provide a year, and its decision instead to answer the Court's question by providing a four-year window, leaves the inconsistency unresolved.

Further, the inconsistencies in the Government Statements are clearly relevant. Relevance is a "low bar." *United States v. Segui*, No. 19-CR-188(KAM), 2019 WL 8587291, at *10 (E.D.N.Y. Dec. 2, 2019) (citing *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir.

4

1985) ("[The] standard of relevance established by the Federal Rules of Evidence is not high[.]")). To be relevant, evidence merely must have any tendency to make a fact of consequence more or less probable than it would be without the evidence, and the inferences to be drawn from such relevant evidence are for the jury to decide. Fed. R. Evid. 401; *United States v. Quattrone*, 441 F.3d 153, 169 (2d Cir. 2006). That the government was unable to answer the Court's directive to provide the year that Mr. Martinez joined the conspiracy, and instead said that Mr. Martinez could have joined in any one of four years, is relevant to whether Mr. Martinez ever did so. Such a general response lacks specificity, and an allegation lacking in specificity certainly makes it less probable that the allegation is true at all.

The Government Statements are relevant and satisfy all prongs of the test for Rule 801(d)(2) admissibility. The Government Statements are inconsistent, testimonial in nature, and there is no innocent explanation for these inconsistencies. *See GAF Corp.*, 928 F.2d at 1261 n.3;[2] *McKeon*, 738 F.2d at 33; *James*, 712 F.3d at 102; Fed. R. Evid. 801(d)(2). There can be no question that *GAF* is on point, controls this analysis, and that the Government Statements should be admitted at trial.

///

///

---

[2] The Court should disregard the government's assertion that the *GAF* court "counseled against" use of the government's prior statements. (Opp'n at 13.) A plain reading of the footnote cited makes clear that the *GAF* court was simply outlining the test for admission of government statements under Rule 801(d)(2). *See GAF Corp.*, 928 F.2d at 1261 n.3.

The Court should also be weary of the government's unfounded argument that the purpose of the instant Motion is to obtain further specifics about the evidence that the government will present at trial. (Opp'n at 10-12.) Mr. Martinez is not seeking any further information than that which the government provided in the First BOP and the Second BOP. Rather, Mr. Martinez seeks to admit the government's inconsistent statements from the First and Second BOP as admissions of a party opponent because they are relevant and satisfy this Circuit's test for admissibility.

## **CONCLUSION**

For the foregoing reasons, Mr. Martinez respectfully requests that the Court admit the Government Statements at trial.

Dated: March 4, 2022            Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
smccool@mccoollawpllc.com
JULIA M. COLEMAN
jcoleman@mccoollawpllc.com
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346


/s/ Samuel A. Josephs
SAMUEL A. JOSEPHS
sjosephs@spertuslaw.com
PAYTON J. LYON
plyon@spertuslaw.com
HANNAH A. BOGEN
hbogen@spertuslaw.com
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 826-4700

/s/ Michael T. Cornacchia
MICHAEL T. CORNACCHIA

/s/ Ramon A. Abadin
RAMON A. ABADIN

*Counsel for Carlos Martinez*