UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>CARLOS MARTINEZ, *et al.*,<br><br>           Defendant. | CASE NO. CR 15-252 (PKC) |

**REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE
RACKETEERING EVIDENCE AS TO DEFENDANT CARLOS MARTINEZ
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

**McCOOL LAW PLLC**
Steven J. McCool
Julia M. Coleman

**SPERTUS, LANDES & UMHOFER, LLP**
Samuel A. Josephs
Payton J. Lyon
Hannah A. Bogen

Michael T. Cornacchia

Ramon A. Abadin

*Counsel for Carlos Martinez*

Carlos Martinez respectfully submits this reply in support of his motion for an order excluding the introduction of racketeering evidence against him at trial, and for a limiting instruction to be given when the jury is presented with evidence relating to the RICO conspiracy alleged in Count One of the Third Superseding Indictment (hereinafter, the "Motion"). *See* ECF 1698.

Although the government "agrees that evidence admitted solely for the purpose of proving the racketeering conspiracy charge against Full Play is inadmissible as to Martinez and Lopez" and "does not oppose an appropriate limiting instruction," it "respectfully requests that the Court defer the drafting of such an instruction until trial is under way and the scope of the government's racketeering proof has been established." ECF 1720 at 2. For the sake of efficiency, and to ensure that Mr. Martinez does not suffer undue prejudice at trial, the wording of this limiting instruction should be determined before the start of trial. The Court has taken a similar approach with Mr. Martinez's request for a limiting instruction regarding the government's proffered Fed. R. Evid. 404(b) evidence. *See* Jan. 14, 2022 Order (deferring "until closer to trial" the Court's ruling on Mr. Martinez's request for a cautionary instruction).

Waiting until the trial is underway to determine an appropriate limiting instruction will result in unnecessary delay because the Court would need to pause the trial proceedings to confer with the parties and agree on language. Also, waiting until "the scope of the government's racketeering proof has been established" or waiting to craft the limiting instruction "against the actual trial record" risks the introduction of testimony and evidence before the jury, without the jury understanding that any evidence pertaining solely to Count One is <u>not</u> admissible against Mr. Martinez. This is the very situation that Mr. Martinez is seeking to avoid through his Motion. Without an appropriate limiting instruction, Mr. Martinez will be subjected to undue

and unfair spillover prejudice by the admission of evidence relating to acts with which he is not charged. *See United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (issuing limiting instruction in a trial involving a defendant not charged in overarching RICO conspiracy count, and stating that the trial court's limiting instruction was "designed to safeguard against the possibility of 'spillover' prejudice").[1]

Defendant Full Play Group opposes Mr. Martinez's motion, stating that the use of Mr. Martinez's requested limiting instruction would "prejudice FPG by accentuating evidence that allegedly supports FPG's guilt while downplaying any involvement of Lopez and Martinez in the case." *See* ECF 1722 at 8. Citing to its motions for severance, Full Play also argues that a repeated limiting instruction will cause an "impermissibly loud 'echo-chamber' for the prosecution," which will deny Full Play's constitutional right to a fair trial. *Id.* Mr. Martinez acknowledges that the Court denied both his and Full Play's severance motions. As a result, Mr. Martinez is proceeding to trial during which the jury will be subjected to large amounts of RICO evidence that have nothing to do with the allegations against him. Mr. Martinez's requested limiting instruction is not meant to accentuate the government's evidence against Full Play, which would have been presented to the jury in a trial involving Full Play with or without Mr.

---

[1] The government claims, citing to its motion to admit certain Fed. R. Evid. 404(b) evidence (ECF 1639), that "this is not a case that presents a substantial risk of spillover prejudice." ECF 1720 at 2. It is unclear which portion of its Fed. R. Evid. 404(b) motion the government is relying on to state that there is no "substantial risk of spillover prejudice" in the context of Mr. Martinez's motion for a limiting instruction advising the jury that any testimony or evidence introduced as to the RICO conspiracy charged in Count One is not admissible against Mr. Martinez. As this Circuit recognized in *Cervone*, limiting instructions are appropriate where a defendant is not charged in an overarching RICO count, to safeguard against spillover prejudice. *Cervone*, 907 F.2d at 341.

2

Martinez's involvement. Instead, the requested instruction is meant to ensure that the jury knows which evidence it may and may not consider as to Mr. Martinez.

  Although Mr. Martinez's proposed instruction includes standard language taken from a model instruction to be used in circumstances where evidence is admissible against only one defendant, Mr. Martinez does not object to Full Play's proposed alternative limiting instruction. The language of Full Play's proposed instruction will still advise the jury that Mr. Martinez and Mr. Lopez are not charged in a RICO conspiracy, that the jury must not consider the RICO evidence in the case against them, and that each defendant is entitled to have his case decided on the evidence that applies only to him.

///

///

///

For the foregoing reasons, Mr. Martinez requests that the Court enter an order excluding the introduction of racketeering evidence against him at trial, and for a pre-determined limiting instruction to be given at the time the jury is presented with evidence relating to the RICO conspiracy alleged in Count One of the Third Superseding Indictment. For the reasons set forth above, Mr. Martinez requests that the Court determine the language of this limiting instruction prior to the start of trial in this case.

Dated: March 4, 2022                              Respectfully submitted,

                                              /s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

                                              /s/ Samuel A. Josephs
SAMUEL A. JOSEPHS
sjosephs@spertuslaw.com
PAYTON J. LYON
plyon@spertuslaw.com
HANNAH A. BOGEN
hbogen@spertuslaw.com
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 826-4700

                                              /s/ Michael T. Cornacchia
MICHAEL T. CORNACCHIA

                                              /s/ Ramon A. Abadin
RAMON A. ABADIN

*Counsel for Carlos Martinez*